## CIVIL MINUTES - GENERAL

| Case No. | CV 11-1814 CAS | Date | June 21, 2011 |
|---|---|---|---|
| Title | FRANCISKA SUSILO v. WELLS FARGO BANK, N.A.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS); WACHOVIA'S MOTION TO DISMISS** (filed 04/15/11)

**WACHOVIA'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT** (filed 04/15/11)

**ETS SERVICES, LLC MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** (filed 04/08/11)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

## I.    INTRODUCTION

On January 21, 2011, plaintiff Franciska Susilo filed the instant action in Los Angeles County Superior Court against Wells Fargo Bank, N.A. ("Wells Fargo"); Wachovia Mortgage FSB ("Wachovia"); ETS Services, LLC ("ETS"); and Does 1 to 50, inclusive (collectively, "defendants").

On February 17, 2011, plaintiff filed a first amended complaint ("FAC") against defendants alleging claims for (1) negligence; (2) breach of contract; (3) negligent misrepresentation; (4) fraud; (5) promissory fraud; (6) trespass and conversion; (7) set aside trustee sale; (8) set aside Trustee's Deed; (9) wrongful foreclosure; (10) breach of the Implied Covenant of Good Faith and Fair Dealing; and (11) violation of Bus. & Prof. Code § 17200 et seq. On March 2, 2011, Wachovia removed the action to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2).

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-1814 CAS | Date | June 21, 2011 |
|---|---|---|---|
| Title | FRANCISKA SUSILO v. WELLS FARGO BANK, N.A.; ET AL. | | |

On April 8, 2011, defendant ETS filed a motion to dismiss plaintiff's FAC ("ETS Mot."). On April 15, 2011, defendant Wells Fargo filed a motion to dismiss plaintiff's FAC ("WFB Mot.") and motion to strike portions of plaintiff's FAC ("WFB Mot. to Strike"). On April 18, 2011, plaintiff filed her opposition to ETS's motion ("Opp. to ETS"). ETS filed its reply in support of its motion ("ETS Reply") on April 28, 2011. On May 16, 2011, plaintiff filed her opposition to Wells Fargo's motion to dismiss ("Opp. to WFB") and opposition to Wells Fargo's motion to strike ("Opp. to WFB Mot. to Strike"). Wells Fargo filed its reply in support of its motion to dismiss ("WFB Reply") and reply in support of its motion to strike ("WFB Reply to Mot. to Strike") on May 23, 2011. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

## II.    BACKGROUND

In April 2008, plaintiff obtained a $620,750 loan from Wachovia, secured by a deed of trust recorded against the real property located at 1100 Wilshire Blvd., Unit 3108, Los Angeles, CA 90017 ("the Property"). See FAC ¶ 1; ETS Mot. at 1; WFB Mot. at 5. On November 1, 2009, Wachovia Mortgage was converted to a national bank and merged into Wells Fargo Bank, N.A.[1] WFB RJN, Exh. E. The deed of trust grants the beneficiary the right to proceed with a nonjudicial foreclosure sale in the event of a default under the terms of the trust or the note secured by the deed of trust. FAC ¶ 9; WFB RJN, Exh. B.

On July 21, 2010, Wells Fargo caused a notice of default ("NOD") to be recorded with the Los Angeles County Recorder's Office. FAC ¶ 11; ETS Mot. at 5; WFB Mot. at 1. The NOD states that plaintiff was $37,515.31 in arrears as of July 20, 2010. FAC, Exh. A. A Substitution of Trustee was executed on July 23, 2010, and recorded on October 21, 2010 with the Los Angeles County Recorder's Office, whereby Wachovia Mortgage substituted Golden West Savings Association Service Co. for ETS as the

---

[1] The Court GRANTS Wells Fargo's request for judicial notice with respect to Exhibits B, C, D, E, F, G, I, and J. See defendant Wells Fargo's Request for Judicial Notice ("WFB RJN") at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA      O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1814 CAS | Date | June 21, 2011 |
|----------|----------------|------|---------------|
| Title | FRANCISKA SUSILO v. WELLS FARGO BANK, N.A.; ET AL. | | |

trustee under the deed of trust at issue.[2]  ETS Mot. at 5; ETS RJN, Exh. 3.  Plaintiff alleges that none of the documents pertaining to the foreclosure, including the NOD, was properly served on plaintiff in compliance with applicable law or delivered to plaintiff at her address in Singapore, which she alleges defendants knew at all times.  FAC ¶ 12. Plaintiff alleges that she did not receive the NOD until September 2010, and that the NOD was incomplete and contained false and misleading information, such as the incorrect identification number for the loan.  FAC ¶¶ 13, 15.  Plaintiff claims that upon receipt of the NOD, she immediately telephoned an ETS representative and learned that the amount necessary to cure the default and reinstate the loan was less than $46,800 as of October 11, 2011.  FAC ¶ 15.  Plaintiff further alleges that a letter from Shanon De'Arman on behalf of ETS and Wachovia, dated September 28, 2010, confirmed this amount.  FAC ¶ 15; see WFB RJN, Exh. G.

Plaintiff alleges that on October 7, 2010, she caused a check in the amount of $46,800 issued by Bank of America to be delivered to Wachovia ("the October check"), and that the check was accepted and endorsed for deposit by Wachovia and Wells Fargo. FAC ¶ 16.  Plaintiff alleges that at some time after October 11, 2010, defendants refused to reinstate the loan, cancelled the lender's deposit endorsement, and proceeded to schedule a foreclosure sale of the Property.  FAC ¶ 17.  On October 21, 2010, a Notice of Trustee's Sale was recorded in the Office of the Los Angeles County Recorder noticing a sale date of November 12, 2010.  WFB Mot. at 2.  Plaintiff alleges that on November 4, 2010, she received a letter from the foreclosure department of Wachovia Mortgage, which she claims was backdated to October 12, 2010, stating that Wachovia would not accept the October check because it was received during the initiation of a foreclosure action and was not enough to reinstate the loan.  FAC ¶ 17.  Plaintiff alleges this statement was false, that she received no notice of the scheduled sale as required by law, and that defendants concealed such notice for the purpose of foreclosing on the Property. FAC ¶¶ 17-18.

Plaintiff alleges that on November 4, 2010, Gary Pollack ("Pollack"), plaintiff's accountant in Los Angeles, contacted ETS to discuss reinstatement of plaintiff's loan, and that ETS representatives informed him that ETS could not provide such information without an authorization letter from plaintiff acceptable to lender.  FAC ¶¶ 20-21.

---

[2] The Court GRANTS ETS's request for judicial notice with respect to Exhibits 1, 2, 3, 4, and 5.  See defendant ETS's Request for Judicial Notice ("ETS RJN") at 2.

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1814 CAS | Date | June 21, 2011 |
|---|---|---|---|
| Title | FRANCISKA SUSILO v. WELLS FARGO BANK, N.A.; ET AL. | | |

Pollack received the authorization letter from plaintiff on November 6, 2010, and delivered the same to the ETS representatives on November 7, 2010, along with a request for any reinstatement amount and instructions on where to deliver such funds. FAC ¶ 21. On November 8, 2010, ETS representative Monique Doe informed Pollack that ETS had sent the lender plaintiff's request for a letter confirming the reinstatement of the loan, but the lender had ignored the request. FAC ¶ 21. ETS representatives also informed Pollack that a foreclosure sale had been scheduled for November 12, 2010, and that Pollack would have to contact Wachovia directly to resolve the issue. FAC ¶ 21.

Also on November 8, 2010, Pollack sent Wachovia a copy of the power of attorney and telephoned Wachovia to arrange for reinstatement of the loan and to cancel or extend the foreclosure sale scheduled for November 12, 2010. FAC ¶ 22. Pollack and Wachovia representatives exchanged numerous phone calls on November 8, and during the last one, plaintiff alleges, a representative of Wachovia informed Pollack that Wachovia would cancel or delay the foreclosure if Pollack could provide a statement of funds available to pay the reinstatement amount. FAC ¶ 23. However, plaintiff alleges, Wachovia would not disclose the amount in arrears. FAC ¶ 23.

Plaintiff alleges that on November 10, 2010, Pollack delivered a copy of plaintiff's account statement reflecting available funds in excess of $250,000. FAC ¶ 24. Plaintiff further alleges that during a telephone conference also on November 10, a representative from the Wachovia foreclosure department told both plaintiff and Pollack that Wachovia had received the correct reinstatement amount back in October through the October check, as well as plaintiff's letter verifying her current availability of funds. FAC ¶ 25. Additionally, plaintiff alleges that the representative advised plaintiff and Pollack that upon receipt of a letter from plaintiff disputing the sale, the foreclosure sale would be delayed pending resolution of the loan reinstatement. FAC ¶ 25. This representative, plaintiff alleges, refused to disclose the reinstatement amount on the ground that the loan should have been reinstated upon receipt of the October check. FAC ¶ 25. Plaintiff alleges that she delivered the requested dispute letter by fax. FAC ¶ 25. Plaintiff also alleges that Pollack delivered proof a $52,000 cashier's check payable to Wachovia, which a Wachovia representative had promised would delay the foreclosure sale pending resolution of the loan reinstatement. FAC ¶ 25. Plaintiff alleges that without further notice, defendants proceeded with the November 12, 2010 foreclosure, removing and converting all of plaintiff's personal furnishings, furniture and belongings in the Property. FAC ¶¶ 26, 28.

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1814 CAS | Date | June 21, 2011 |
|----------|----------------|------|---------------|
| Title | FRANCISKA SUSILO v. WELLS FARGO BANK, N.A.; ET AL. | | |

The gravamen of the FAC is that defendants wrongfully initiated foreclosure proceedings on the Property and that the trustee's sale is invalid because defendants violated an agreement with plaintiff to cure the default and reinstate the loan, refused to communicate with plaintiff and her authorized representative regarding the foreclosure sale and the reinstatement amount, and executed the foreclosure through fraud and bad faith. FAC ¶¶ 31, 35, 61, 71.

## III. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. Stated differently, only a complaint that states a claim for relief that is "plausible on its face" survives a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to the 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pac. Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1814 CAS | Date | June 21, 2011 |
|---|---|---|---|
| Title | FRANCISKA SUSILO v. WELLS FARGO BANK, N.A.; ET AL. | | |

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

### A. Preemption under the Home Owners' Loan Act

Wells Fargo Bank contends that, as a preliminary matter, plaintiff's state law claims are preempted by the Home Owners' Loan Act ("HOLA") of 1933, 12 U.S.C. § 1461 et seq., and the regulations promulgated thereunder by the Office of Thrift Supervision ("OTS"). WFB Mot. at 13-17. Wachovia Mortgage, now a division of Wells Fargo Bank, N.A., was a federal savings bank regulated by the OTS at the time the loan originated in 2008. WFB Mot. at 11; see WFB RJN, Exh. C. Wells Fargo claims that it is therefore proper to apply preemption under HOLA, and that plaintiff's state claims are premised upon allegations that fall within HOLA's preemptive scope. Id. at 12. Plaintiff agrees that HOLA is applicable in this case, and contends that the state law claims asserted in the FAC are not preempted by HOLA. Opp. to WFB at 17.

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1814 CAS | Date | June 21, 2011 |
|----------|----------------|------|---------------|
| Title | FRANCISKA SUSILO v. WELLS FARGO BANK, N.A.; ET AL. | | |

Through HOLA, OTS is "authorized to promulgate regulations that preempt state laws affecting the operations of federal savings associations when deemed appropriate to facilitate the safe and sound operations of federal savings associations." 12 C.F.R. § 560.2. OTS's authority to regulate aspects of the operations of federal savings associations "occupies the entire field of lending regulation for federal savings associations." Id. OTS Regulation 560.2(b) expressly preempts state regulation of federal thrift activities including, *inter alia*, terms of credit, loan-related activities, servicing fees, disclosure and advertising, loan processing, loan origination, and servicing of mortgages. 12 C.F.R. § 560.2(b). However, state laws of general applicability, such as contract, tort, and real property law, are not preempted "to the extent that they only incidentally affect the lending operations of Federal savings associations." 12 C.F.R. § 560.2(c).

The Ninth Circuit has stated that, in analyzing preemption under 12 C.F.R. § 560.2, "the first step will be to determine whether the type of law in question is listed in paragraph (b). If so, the analysis will end there; the law is preempted. If the law is not covered by paragraph (b), the next question is whether the law affects lending. If it does, then, in accordance with paragraph (a), the presumption arises that the law is preempted." Silvas v. E*Trade Mortg. Corp., 514 F.3d 1001, 1005 (9th Cir. 2008). As the Ninth Circuit made clear in Silvas, the preemptive effect of the OTS regulations is broad enough to encompass state laws of general applicability, including tort, contract, and real property laws, if their enforcement impacts thrifts in areas listed in paragraph (b). See id. at 1006; see also Andrade v. Wachovia Mortg., 2009 U.S. Dist. LEXIS 34872, at *7–8 (S.D. Cal. Apr. 21, 2009) (plaintiff's state law claims for fraud, negligent infliction of emotion distress, negligence, and cancellation based on fraud and impossibility preempted under 12 C.F.R. § 560.2 where they "revolve[d] entirely around the processing, origination, and servicing of the Plaintiff's mortgage . . . ") (internal quotations omitted); Naulty v. Greenpoint Mortg. Funding, Inc., 2009 U.S. Dist. LEXIS 79250, at *12–13 (N.D. Cal. Sept. 2, 2009) (same).

The Silvas court "did not look merely to the abstract nature of the cause of action allegedly preempted but rather to the functional effect upon lending operations of maintaining the cause of action, as required by paragraph (b)." Naulty, 2009 U.S. Dist. LEXIS 79250, at *12. Pursuant to the Ninth Circuit's analysis, courts have found that certain claims of express deception and breach of contract may survive preemption under HOLA. See Gibson v. World Sav. & Loan Ass'n, 103 Cal. App 4th 1291, 1303-04

(2002) (concluding that HOLA does not preempt "duties to comply with contracts and the laws governing them and to refrain from misrepresentation."). In general, when a plaintiff's claim is based on a defendant's failure to fulfill the general duty not to misrepresent material facts, and when application of the law does not regulate lending activity, California district courts have found that the claims are not preempted. See Biggins v. Wells Fargo & Co., 266 F.R.D. 399, 417 (N.D. Cal. 2009) (distinguishing between allegations of inadequate disclosures of loan terms and affirmative, material misrepresentations).

Wells Fargo claims that plaintiff's claims are preempted by HOLA, as they "attempt to attack the mortgage servicing and foreclosure process" and are concerned with the processing of plaintiff's mortgage. WFB Mot. at 14-15.

Plaintiff contends that, insofar as they arise from "affirmative misrepresentations and concealment," plaintiff's claims are based on a "general duty not to misrepresent material facts" rather than "purport[ing] to regulate lending activity." Opp. to WFB at 18. Plaintiff distinguishes the cases cited by Wells Fargo by contending that plaintiff makes no allegation based on Civil Code § 2923.5 affecting the servicing of mortgages by, *inter alia*, requiring efforts to contact and discuss loan defaults with the borrower prior to initiating a foreclosure. Opp. to at 19.

The Court finds that plaintiff's state law claims are based in part on affirmative misrepresentations and concealment, and only incidentally affect lending activity. Accordingly, the Court finds that insofar as they do not impose requirements to provide specific notices or disclosures during the foreclosure process, plaintiff's claims are not preempted by HOLA. See Giordano v. Wachovia Mortg., 2010 WL 5148428, at *3-4 (N.D. Cal. Dec. 14, 2010); Odinma v. Aurora Loan Servs., 2010 WL 1199886, at *8 (N.D. Cal. Mar. 23, 2010).

## B.    Claim 1: Negligence

"To prevail on [a] negligence claim, plaintiffs must show that [defendants] owed them a legal duty, that [they] breached the duty, and that the breach was a proximate or legal cause of their injuries." Merrill v. Navegar, Inc., 26 Cal. 4th 465, 477 (2001). It is well-established under California law that a financial institution owes no duty to borrowers when the institution's involvement in the loan transaction does not exceed the

scope of its role as a lender of money.  See Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (1991); see also Oaks Mgmt. Corp. v. Superior Court of San Diego Cnty., 145 Cal. App. 4th 453, 466 (2006) ("a loan transaction is at arms-length and there is no fiduciary relationship between the borrower and lender").  Moreover, "California Courts have refused to impose duties on the trustee other than those imposed by statute or specified in the deed of trust."  Heritage Oaks Partners v. First Am. Title Ins. Co., 66 Cal. Rptr. 3d 510, 514 (Ct. App. 2007).  "The rights and powers of trustees in nonjudicial foreclosure proceedings have long been regarded as strictly limited and defined by the contract of the parties and the statutes." I.E. Assocs. v. Safeco Title Ins. Co., 39 Cal. 3d 281, 287 (1985).

Plaintiff claims that ETS and ETS representatives, as the trustee under the deed of trust, and Wells Fargo, acting as plaintiff's lender and loan servicer, "had a duty to exercise reasonable care and skill to maintain proper and accurate loan records and to discharge and fulfill the other incidents attendant to the maintenance, accounting and servicing of loan records, including, but not limited [to], accurate recordkeeping and documentation and performance of duties and obligations relating to the foreclosure of the deed of trust."  FAC ¶ 30.  Plaintiff claims that defendants breached this duty by, "among other things, failing to comply with the notice, posting, and other statutory provisions of Civil Code § 2924 et seq. in proceeding with the foreclosure; failing to reinstate the loan and deed of trust; failing to delay, extend, or cancel the foreclosure sale; failing to communicate with Plaintiff and Plaintiff's authorized representatives regarding the foreclosure and foreclosure sale; failing to advise Plaintiff of reinstatement amounts promptly, properly and accurately; and foreclosing on the Property without having the legal authority and/or proper documentation to do so."  FAC ¶ 31.

Defendants move to dismiss plaintiff's negligence claim on the grounds that they owed plaintiff no duty of care.  WFB Mot. at 17; ETS Mot. at 8.  Additionally, ETS alleges that the FAC "fail[ed] to place ETS on notice of the claims being asserted against them" and to indicate whether the duty "arose out contract, statute, or some other special relationship."  ETS Mot. at 8.  Further, ETS contends that ETS was not the party in charge of reinstating plaintiff's loan, and that therefore plaintiff's allegations against ETS with respect to failure to reinstate the loan must fail.  Id.

Plaintiff replies that the FAC expressly alleges that defendants breached their duties arising under the California statutory scheme regulating the foreclosure sales, Cal.

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1814 CAS | Date | June 21, 2011 |
|----------|----------------|------|---------------|
| Title | FRANCISKA SUSILO v. WELLS FARGO BANK, N.A.; ET AL. | | |

Civ. Code § 2924 et seq., the deed of trust, and the NOD. Opp. to ETS at 7; Opp. to WFB at 22.

The Court finds that defendants do not owe plaintiff any common law duty. "The trustee of a deed of trust is not a true trustee, and owes no fiduciary obligations; he merely acts as a common agent for the trustor and the beneficiary of the deed of trust. His only duties are: (1) upon default to undertake the steps necessary to foreclose the deed of trust; or (2) upon satisfaction of the secured debt to reconvey the deed of trust." Vournas v. Fidelity Nat. Title Ins. Co., 73 Cal. App. 4th 668, 677 (1999) (citations omitted). The Court finds that ETS, as a trustee, owed no duty to plaintiff to reinstate plaintiff's loan, and plaintiff cannot maintain a negligence cause of action against ETS. See ETS Mot. at 8-9.

With respect to Wells Fargo, the Court finds that plaintiff adequately alleges that Wells Fargo owed her a duty, under Cal. Civ. Code § 2924 et seq. and under the deed of trust, to disclose the reinstatement amount. Article 28 of the deed of trust states that the foreclosure sale must comply with "applicable law," which in this case is Cal. Civ. Code § 2924 et seq. WFB RJN, Exh. B. "The obligation of the beneficiary to provide the trustor with an accurate accounting of the amounts due to cure a default is governed by statute." Anderson v. Heart Fed. Sav. & Loan Ass'n, 208 Cal. App. 3d 202, 215 (1989). Section 2924c specifies that trustor may have "the legal right to bring [her] account in good standing by paying all of [her] past due payments plus permitted costs and expenses within the time permitted by law." § 2924c(b)(1). "Compliance with this provision necessarily requires that the beneficiary provide accurate information in response to an inquiry by the trustor." Anderson, 208 Cal. App. at 216. In Anderson, the court found that "the burden is placed on [the beneficiary] by sections 2924 and 2924c to inform [the trustor] correctly about the amounts 'then due' on the obligations properly noticed in the notice of default and the foreclosure costs. This information is in the possession of the beneficiary. [The trustor] is under no obligation to second–guess the amount." Id.

The Court finds that the FAC sufficiently alleges that Wells Fargo breached this duty. See FAC ¶¶ 22-23, 25. The FAC also alleges that as a result of the breach, plaintiff suffered financially. FAC ¶ 32. The Court finds that these allegations sufficiently state a claim of negligence with respect to Wells Fargo. See Bojorquez v. Gutierrez, 2010 WL 1223144, at *11 (N.D. Cal. Mar. 25, 2010).

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1814 CAS | Date | June 21, 2011 |
|----------|----------------|------|---------------|
| Title | FRANCISKA SUSILO v. WELLS FARGO BANK, N.A.; ET AL. | | |

Accordingly, the Court DENIES Wells Fargo's motion to dismiss plaintiff's claim for negligence and GRANTS ETS's motion to dismiss plaintiff's claim for negligence with prejudice.

### C.    Claim 2 and 10: Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing

The essential elements of a contract claim are: (1) the existence of a valid contract between the parties, (2) plaintiff's performance or excuse for nonperformance, (3) defendants' unjustified or unexcused failure to perform, and (4) damages to plaintiff caused by the breach.  See Lortz v. Connell, 273 Cal. App. 2d 286, 290 (1969).  "[E]very contract imposes upon the contracting parties the duty of good faith and fair dealing." Price v. Wells Fargo Bank, 213 Cal. App. 3d 465, 478 (1989).  "If the action is based on an alleged breach of a written contract, the terms must be set out verbatim in the body of the complaint or a copy of the written instrument must be attached and incorporated by reference."  Otworth v. S. Pac. Transp. Co., 166 Cal. App. 3d 452, 459 (1985).

Defendants assert that plaintiff's contract claim is deficient because plaintiff's default on her loan payments shows her failure to perform under the deed of trust.  WFB Mot. at 18; ETS Mot. at 9.  Wells Fargo further contends that plaintiff failed to pay the loan reinstatement amount by cashier's check, as required by Wells Fargo.  WFB Mot. at 18.  Furthermore, Wells Fargo argues that the FAC fails to show how Wachovia breached any contractual provision.  Id.  ETS contends that the foreclosure was authorized by the power of sale clause in the deed of trust, and that plaintiff therefore cannot allege a breach with respect to the deed of trust.  ETS Mot. at 9.  Finally, ETS claims that ETS was merely the messenger in regards to the quoted reinstatement amount, and "had no involvement in determining the sufficiency of [p]laintiff's tender."  ETS Mot. at 17.

With respect to plaintiff's oral contract claims, defendants maintain that plaintiff's claims are deficient because no contract exists.  WFB Mot. at 9; ETS Mot. at 10.  ETS contends that any alleged oral agreement to postpone the sale is barred under the statute of frauds.  WFB Mot. at 8; ETS Mot. at 10.  Likewise, defendants argue, under Civil Code § 1698, any contract in writing can only be modified by writing and execution by the parties, or new consideration.  WFB Mot. at 8; ETS Mot. at 10.  Wells Fargo also claims that an oral modification is barred by Article 23 of the deed of trust.  WFB Mot. at 9.  ETS contends that "any purported performance by plaintiff under the alleged oral

| Case No. | CV 11-1814 CAS | Date | June 21, 2011 |
|----------|----------------|------|----------------|
| Title | FRANCISKA SUSILO v. WELLS FARGO BANK, N.A.; ET AL. | | |

agreement was merely payment of the debt already owed by [p]laintiff under the loan," and not new consideration. ETS Mot. at 10.

Plaintiff, in response, contends that the oral agreements were not gratuitous, since defendants conditioned the reinstatement of the loan and postponement of the foreclosure on the tender of the redemption fee as provided by the NOD and defendants. Opp. to WFB at 12. Furthermore, plaintiff contends that the alleged oral agreements were not modifications to a written contract but rather agreements supported by consideration, which would even validate oral modifications to a written contract. Id. at 12-13; Opp. to ETS at 8. Plaintiff contends that she supplied such consideration in the form of the $46,800 paid by plaintiff per ETS's instructions, the account statement reflecting plaintiff's available funds, and the $52,000 cashier's check tendered by Pollack. Id. at 14; Opp. to ETS at 9.

Plaintiff further notes that ETS is in error in stating that the contract plaintiff seeks to enforce is the deed of trust and note. Opp. to ETS at 8. Rather, plaintiff argues, the contractual agreements defendants breached were the "provisions of the deed of trust relating to nonjudicial foreclosure and procedures for reinstatement and the specific terms of the NOD implementing those procedures," and the oral agreements of ETS and lender to reinstate the loan and delay or cancel the foreclosure sale. Id. at 7-8. Plaintiff further alleges that she has complied with performing her part of the terms of the NOD, the deed of trust, and the oral agreement of ETS and lender to reinstate the loan and delay or cancel the wrongfully scheduled foreclosure sale, "except those terms for which performance was excused and/or waived by the conduct of [d]efendants." FAC ¶ 34. Plaintiff argues that by "[seeking] to foreclose on the [P]roperty and refus[ing] to reinstate the loan," defendants breached the implied covenant of good faith and fair dealing and "impair[ed], destroy[ed], or injur[ed] [her] rights . . . to receive the benefits of their agreement." FAC ¶ 70.

"Breach of contract  is a state cause of action, and is therefore governed by California law." Hummer v. EMC Mortg. Corp., 2011 U.S. Dist. LEXIS 55838, at *10-11. (E.D. Cal. May 23, 2011). While the Court finds that the NOD is not a contract, the Court agrees with plaintiff that Wells Fargo's refusal to disclose to plaintiff the reinstatement amount may constitute a breach of the deed of trust. "The deed of trust constitutes a contract between the *trustor* and the *beneficiary,* with the trustee acting as agent for both and acting pursuant to the terms of the instrument and their instructions."

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1814 CAS | Date | June 21, 2011 |
|----------|----------------|------|---------------|
| Title | FRANCISKA SUSILO v. WELLS FARGO BANK, N.A.; ET AL. | | |

Hatch v. Collins, 225 Cal. App. 3d 1104, 1111 (1990). It is a term of Article 28 of the deed of trust that the foreclosure sale must comply with "applicable law," which in this case is Cal. Civ. Code § 2924 et seq. WFB RJN, Exh. B. As discussed above, a beneficiary under a deed of trust has a statutory obligation to "provide the trustor with an accurate accounting of the amounts due to cure a default." Anderson, 208 Cal. App. 3d at 215. Compliance with the statutory scheme "requires that the beneficiary provide accurate information in response to an inquiry by the trustor." Id. at 216. With respect to ETS, the Court agrees that as a trustee, ETS was merely a messenger for Wells Fargo, and did not breach any term of the deed of trust by failing to disclose to plaintiff the amount in arrears.

The Court agrees with defendants that plaintiff's contract claims based on plaintiff and defendants' oral agreements are barred by the statute of frauds and the terms of the deed of trust itself. The Court finds that, contrary to plaintiff's allegations, the oral agreements between plaintiff and defendants were modifications to the existing deed of trust rather than new agreements supported by consideration. In California, an existing written contract may be modified by an oral agreement supported by new consideration "*[u]nless the contract otherwise expressly provides*." Cal. Civ. Code § 1698(c) (emphasis added). Article 23 of the deed of trust expressly provides that the deed of trust may be "modified or amended only by an agreement in writing signed by Borrower and Lender." WFB RJN, Exh. B. Moreover, "the statute of frauds (Section 1624) is required to be satisfied if the contract as modified is within its provisions." Cal. Civ. Code § 1698(c). The statute of frauds states that an "agreement . . . for the sale of real property, or of an interest therein," is "invalid[ ] unless [it], or some note or memorandum thereof, [is] in writing and subscribed by the party to be charged or by the party's agent." Cal. Civ. Code § 1624(a)(3).

Accordingly, the Court DENIES Wells Fargo's motion to dismiss plaintiff's claims for breach of contract and breach of the implied covenant of good faith and fair dealing, and GRANTS ETS's motion to dismiss plaintiff's claims for breach of contract and breach of the implied covenant of good faith and fair dealing without prejudice.

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1814 CAS | Date | June 21, 2011 |
|---|---|---|---|
| Title | FRANCISKA SUSILO v. WELLS FARGO BANK, N.A.; ET AL. | | |

**D.** **Claims 3, 4, and 5: Negligent Misrepresentation, Fraud, Promissory Fraud**

Three of plaintiff's claims sound in fraud: (1) negligent misrepresentation; (2) fraud; and (3) promissory fraud. See FAC ¶¶ 38–53. Plaintiff alleges that defendants defrauded her by "falsely representing and concealing material facts relating to the reinstatement of plaintiff's loan and foreclosure of the Property, with knowledge of their falsity and without intention to perform the promises, duties, and obligations of defendants." FAC ¶ 40. The gravamen of plaintiff's claim is that defendants made promises about curing plaintiff's default, reinstating her loan, and delaying the foreclosure sale of the Property without intending to adhere to them, and concealed the amount necessary to reinstate her loan with the purpose of foreclosing on the Property.

A plaintiff asserting fraud must allege facts supporting the following elements: (1) a misrepresentation, (2) knowledge of falsity (or scienter), (3) intent to defraud, i.e. to induce reliance, (4) justifiable reliance, and (5) resulting damage. In re Estate of Young, 160 Cal. App. 4th 62, 79 (2008). In addition to stating facts for each element, Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity. See Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); see also Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist., 940 F.2d 397, 405 (9th Cir. 1991) (finding that the standard "requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme").

Federal Rule of Civil Procedure 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103–04 (9th Cir. 2003). A claim is said to be "grounded in fraud" or "'sounds in fraud'" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies solely on that conduct to prove a claim. Id. "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Fed. R. Civ. P.] 9(b)." Id.

Plaintiff contends that the FAC pleads the requisite elements of fraud with particularity by incorporating by reference allegations made against Wells Fargo and ETS throughout the FAC. Opp. to ETS at 9; Opp. to WFB at 23 (citing FAC ¶¶ 14, 15, 17, 18, 20-25). Defendants argue that plaintiff's fraud claims fail for lack of specificity. ETS

| Case No. | CV 11-1814 CAS | Date | June 21, 2011 |
|----------|----------------|------|---------------|
| Title | FRANCISKA SUSILO v. WELLS FARGO BANK, N.A.; ET AL. | | |

Mot. at 11; WFB Mot. at 19.  ETS further argues that plaintiff "has failed to identify the names of the persons who purportedly made the fraudulent misrepresentations at issue." ETS Mot. at 11.

The Court disagrees, and finds that the FAC alleges fraud with sufficient particularity.  See Fed. R. Civ. P. 9(b).  Plaintiff specifically alleges that she and/or Pollack spoke to defendants' representatives, defendants' representatives made false promises and misrepresentations to reinstate plaintiff's loan or delay the foreclosure sale, plaintiff justifiably relied on their statements, and plaintiff sustained damages as a result of her reliance.  Plaintiff further alleges that defendants intended, through their fraudulent acts, to induce plaintiff's reliance with the intent to defraud and deceive plaintiff.  See FAC ¶¶ 39, 45, 51; Odom v. Microsoft Corp. 486 F.3d 541, 553-54 (9th Cir. 2007) ("While the factual circumstances of the fraud itself must be alleged with particularity, the state of mind-or scienter-of the defendants may be alleged generally.").

The only arguable deficiency in plaintiff's allegations of fraud is that the FAC does not state the names of all the individual representatives of defendants.  While the already heightened pleading standard is further heightened when a party pleads fraud against a corporation, as the plaintiff does in this case, Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153, 157 (1991), the requirement is relaxed where "the defendant must necessarily possess full information concerning the facts of the controversy," Bradley v. Hartford Acc. & Indem. Co., 30 Cal. App. 3d 818, 825 (1973), or "when the facts lie more in the knowledge of the opposite party[.]"  Turner v. Milstein, 103 Cal. App. 2d 651, 658 (1951).  Here, it appears that plaintiff has specifically identified the names of those representatives employed by defendants of which she has knowledge.

Accordingly, the Court DENIES defendants' motions to dismiss plaintiff's claims of negligent misrepresentation, fraud, and promissory fraud.

### E.      Claim 6: Trespass and Conversion

Wells Fargo moves to dismiss plaintiff's trespass claim on the ground that plaintiff was not in possession of the Property as required for a trespass claim.  WFB Mot. at 19. ETS also argues that ETS was authorized by the deed of trust to enter the Property as the foreclosure trustee, and that its entry did not amount to trespass. ETS Mot. at 12.

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1814 CAS | Date | June 21, 2011 |
|----------|----------------|------|---------------|
| Title | FRANCISKA SUSILO v. WELLS FARGO BANK, N.A.; ET AL. | | |

Wells Fargo also contends that plaintiff's conversion claim is deficient because Wachovia found the Property vacant, and because plaintiff does not identify the specific items of personal property or allege facts supporting the allegation that Wachovia accessed and took control of that property. WFB Mot. at 19. ETS, on the other hand, argues that plaintiff's conversion claim is deficient because conversion protects against interference with personal property, not real property. ETS Mot. at 12.

Plaintiff argues that defendants changed the locks, trespassed, and converted her personal property before the foreclosure, and the deed of trust does not authorize ETS to enter the Property prior to the foreclosure. Opp. to ETS at 11-12; Opp. to WFB at 23.

"The elements of a conversion are the plaintiff's ownership or right to possession of the property at the time of the conversion, the defendant's conversion by a wrongful act or disposition of property rights, and damages." Oakdale Vill. Group v. Fong, 43 Cal. App. 4th 539, 543-44 (1996). A showing of manual taking of the property is unnecessary; a plaintiff need only show a defendant's "assumption of control or ownership over the property, or that the alleged converter has applied the property to his own use." Id. The tort of conversion applies to personal property, not real property. Salma v. Capon, 161 Cal. App. 4th 1275, 1295 (2008); 5 Witkin, Summary of Cal. Law § 699 (10th ed. 2005).

"The cause of action for trespass is designed to protect possessory–not necessarily ownership–interests in land from unlawful interference." Smith v. Cap Concrete, Inc., 133 Cal. App. 3d 769, 774 (1982). However, "an out-of-possession property owner may recover for an injury to the land by a trespasser which damages the ownership interest." Id. While the proper cause of action for a property owner whose ownership interest is damaged by an intruder is waste, the pleading of waste in such a case is not crucial. Hassoldt v. Patrick Media Group, Inc., 84 Cal. App. 4th 153, 171 (2000) ("if . . . an intruder harms real property in a manner that damages the ownership interest, the property owner may seek recovery whether the cause of action be technically labeled trespass or some other form of action, such as waste."); 5 Witkin, Summary of Cal. Law § 695 (10th ed. 2005).

The Court finds that plaintiff properly pleads conversion and trespass. The FAC alleges that defendants changed the locks prior to the foreclosure, and removed and converted plaintiff's personal furnishings, furniture, and belongings in the Property. See

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1814 CAS | Date | June 21, 2011 |
|---|---|---|---|
| Title | FRANCISKA SUSILO v. WELLS FARGO BANK, N.A.; ET AL. | | |

FAC ¶ 28.  Accordingly, the Court DENIES defendants' motions to dismiss plaintiff's trespass and conversion claims.

**F.     Claim 7, 8, 9: Set Aside Trustee Sale, Set Aside Trustee's Deed, Wrongful Foreclosure**

**1.     Defendants' Claim that Plaintiff's Attempt to Unwind the Sale Fails Because She Does Not Allege An Actual Tender of the Indebtedness**

Defendants claim that all of plaintiff's wrongful foreclosure-based claims are deficient because plaintiff fails to make a valid and viable tender of the full indebtedness. WFB Mot. at 4; ETS Reply at 3-4.  Wells Fargo namely relies on the argument that the October check was not in the form of a cashier's check as required by Wachovia, and that plaintiff's accountant merely contacted Wachovia by telephone between November 8 and November 10 without attempting to tender funds prior to foreclosure.  WFB Mot. at 5-6. Wells Fargo also contends that, since the right to reinstate a loan expires five business days prior to the date of the foreclosure sale pursuant to Cal. Civ. Code § 2924c(e), plaintiff's right to cure her default had expired by November 5, 2010.  Id. at 6; WFB Reply at 1, 5.

Plaintiff alleges that defendant never provided her with any reinstatement demand at any time other than the "less than $46,800" provided over the telephone in September 2010, and that defendants thereafter refused to provide plaintiff with the reinstatement amount when she was repeatedly attempting to cure the default.  Opp. to WFB at 9-10.

While Wells Fargo relies on the argument that plaintiff's right to cure her default expired five business days prior to the day of the foreclosure sale, § 2924c is intended to protect the trustor, and does not "[eliminate] the parties' ability to enter voluntarily into an agreement to cure the default and reinstate the loan *after* the statutory period."  Bank of America v. La Jolla Grp. II, 129 Cal. App. 4th 706, 712 (2005) (emphasis added).  The Court further finds that plaintiff makes sufficient allegations that defendants endorsed and accepted the October check.  See FAC ¶ 16.  Moreover, the FAC also alleges that in its November 4, 2011 letter to plaintiff, Wells Fargo informed plaintiff that its reason for rejecting the October check was because it received the check once the foreclosure proceedings had begun, and because the amount of the check was insufficient.  See FAC

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1814 CAS | Date | June 21, 2011 |
|---|---|---|---|
| Title | FRANCISKA SUSILO v. WELLS FARGO BANK, N.A.; ET AL. | | |

¶17.  The FAC alleges that it was not until December 8, 2010, after the foreclosure sale, that defendants informed plaintiff that the reason the October check was rejected was because it was in the form of a personal check rather than a cashier's check.  See FAC ¶ 27.  The FAC sufficiently alleges that plaintiff was unable to tender the reinstatement amount because defendants refused to disclose the amount despite plaintiff's repeated attempts to cure the default.  Opp. to WFB at 9-10.

Additionally, the Court finds that the FAC sufficiently alleges damages as a result of plaintiff's reliance on defendants' representations that her default would be cured, her loan reinstated, and the foreclosure sale of the Property delayed or extended.  See FAC ¶¶ 20-25.  Accordingly, the Court does not find plaintiff's wrongful foreclosure claims barred by plaintiff's failure to tender the reinstatement amount.

> **2.      Defendants' Claim that a Completed Foreclosure is a Final Adjudication of the Rights of the Borrower and Lender.**

Defendants claim that plaintiff's wrongful foreclosure claims are further deficient because a trustee's deed that states the trustee's sale complied with all statutory requirements creates a presumption as to the validity of the sale, and there is "a common law presumption that a foreclosure sale has been conducted regularly and fairly." WFB Mot at 7; see. ETS Mot. at 13-14. Wells Fargo further alleges that plaintiff suffered no prejudice because she received the NOD and Reinstatement Quote and "had an opportunity to tender the necessary funds by cashier's check to avoid foreclosure."  WFB Mot at 8.

Plaintiff contends that the FAC's allegations of defendants' refusal to provide the reinstatement amount and misrepresentation regarding the October check and its rejection rebut "[a]ny presumption that the foreclosure in this case was conducted regularly and fairly arising from the prima facie evidence of the recital in the trustee's deed."  Opp. to WFB at 11.

The Court agrees with plaintiff.  In California, "proof of some element of fraud, unfairness or oppression" can be grounds for setting aside a legally made trustee's sale. Stevens v. Plumas Eureka Annex Mining Co., 2 Cal. 2d 493, 496 (1935).  As discussed above, the Court finds that plaintiff sufficiently pleads fraud.

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1814 CAS | Date | June 21, 2011 |
|---|---|---|---|
| Title | FRANCISKA SUSILO v. WELLS FARGO BANK, N.A.; ET AL. | | |

Accordingly, the Court does not find plaintiff's wrongful foreclosure claims barred by a presumption that a completed foreclosure is a final adjudication of the rights of the borrower and lender.

### 3.    Defendants' Claim that Any Damages Claim for Wrongful Foreclosure is Barred by Privilege

Finally, defendants claim that plaintiff's wrongful foreclosure claims are barred by the common interest privilege pursuant to Cal. Civ. Code §§ 47 and 2924(d), because the allegations involve "[t]he mailing, publication, and delivery of notices as required by [section 2924]" and "performance of the procedures set forth" under § 2924 et seq. WFB Mot. at 10; ETS Reply at 2.

ETS contends that the "case law is split as to whether subsection (d) provides for a qualified or absolute privilege under Section 47," but that "the public policy reasoning for affording trustees such immunity flows directly from trustees being mere common agents for the trustor and beneficiary, and owning no other common law duties aside from those defined by the deed of trust and governing statutes." ETS Reply at 3. ETS argues that "[a]t the least, subdivision (d) affords a qualified privilege to foreclosure proceedings conducted by trustees, which will only be defeated by a showing of malice." Id.

Plaintiff contends that her claims are based on defendants' malicious misrepresentation, and are not subject to the common interest privilege. Opp. to WFB at 16.

"Logic and the purposes of the statutory scheme suggest that the common interest privilege (§ 47, subd. (c)(1)), not the absolute privileges for communications in judicial or official proceedings (§§ 47, subds. (b)(2) and (b)(3)), applies to nonjudicial foreclosure."[3] Kachlon v. Markowitz, 168 Cal. App. 4th 316, 339 (2008). The common interest privilege applies to "a communication, without malice, to a person interested

---

[3] The court in Kachlon found "trustors should not be entirely deprived of the ability to vindicate their property rights if wrongfully violated by the trustee. Granting absolute immunity from such wrongdoing would wholly sacrifice the trustor's interest in favor of the trustee." 168 Cal. App. 4th at 340.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA          O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1814 CAS | Date | June 21, 2011 |
|----------|----------------|------|---------------|
| Title    | FRANCISKA SUSILO v. WELLS FARGO BANK, N.A.; ET AL. | | |

therein . . . by one who is also interested." Cal. Civ. Code § 47(c)(1). The Court agrees that plaintiff's claims are not barred by absolute privilege, and that the FAC sufficiently alleges malice. See FAC ¶¶ 49, 53, 57. Accordingly, the Court does not find plaintiff's wrongful foreclosure claims barred by the common interest privilege.

In addition to the foregoing, ETS claims that plaintiff's wrongful foreclosure claims must fail because ETS, as a substitute trustee, was authorized to foreclosure on the Property pursuant to the power of sale clause in the deed of trust. ETS Mot. at 13-14.

The Court finds that plaintiff sufficiently alleges wrongful foreclosure. "If, after a default, the trustor and beneficiary enter into an agreement to cure the default and reinstate the loan, no contractual basis remains for exercising the power of sale." La Jolla, 129 Cal. App. 4th at 712. The FAC alleges that the foreclosure was conducted in violation of Cal. Civ. Code § 2924 et seq.; was "conducted notwithstanding that the loan had been reinstated with the tender and delivery of the October 7, 2010 Bank of America check; and . . . was conducted in violation of an agreement between the [d]efendants and [p]laintiff to cure the default and reinstate the loan." FAC ¶ 61. Plaintiff additionally contends that the foreclosure was conducted "pursuant to an incomplete, defective NOD," and that the NOD was "dated, signed and purported to be effective prior to the substitution of ETS as trustee under the deed of trust." Opp. to ETS at 12.

The Court finds that plaintiff is within the statutory period to bring an action to set aside trustee's sale for wrongful foreclosure. Section 338, subdivision (d) provides for a three year statute for "[a]n action for relief on the ground of fraud or mistake." Cal. Code Civ. Proc. § 338(d). The section is comprehensive and applies "if fraud or mistake is the basis of the legal injury . . . regardless of whether the complaint seeks legal or equitable relief or pleads a cause of action in tort or contract." 3 Witkin, Cal. Proc. § 448 (5th ed. 2008); see 4 Miller & Starr, Cal. Real Estate § 10:210 (3d ed. 2001). When the action to set aside the sale is based on fraud, a fraudulent conspiracy or breach of statutory duty, the statute of limitations is three years from the date of the sale. 4 Miller & Starr, Cal. Real Estate § 10:210 (3d ed. 2001). Where based on fraud, the statute commences to run only upon discovery of the facts by the aggrieved party. Id.

Accordingly, the Court DENIES defendants' motion to dismiss plaintiff's claim to set aside trustee sale, claim to set aside trustee's deed, and claim for wrongful foreclosure.

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1814 CAS | Date | June 21, 2011 |
|---|---|---|---|
| Title | FRANCISKA SUSILO v. WELLS FARGO BANK, N.A.; ET AL. | | |

### G.    Claim 11: Violation of Bus. & Prof. Code § 17200 <u>et seq.</u>

Both defendants move to dismiss plaintiff's unfair competition law ("UCL") claim on grounds that her underlying claims are deficient, and defendants were within their legal rights to foreclose on the Property.  WFB Mot. at 22; ETS Mot. at 18.  Additionally, Wells Fargo contends that damages are barred by the common interest privilege pursuant to §§ 2424(d) and 47, and plaintiff "reasonably could have avoided the alleged injury by reinstating the loan per the requirements of the Reinstatement Quote."  WFB Mot. at 22. ETS further claims that the FAC does not allege what "injury in fact" plaintiff has sustained, and fails to show that the a causal link between ETS's business practice and the alleged harm.  ETS Mot. at 17-19.  Further, ETS claims that it "took no part in the reinstatement transaction aside from communicating the quoted reinstatement amount to plaintiff."  <u>Id.</u> at 18.

Plaintiff argues that she states a claim for a violation of the UCL because the FAC alleges "conduct which is malicious, fraudulent, oppressive, unscrupulous and substantially injurious to plaintiff."  Opp. to WFB at 24; <u>see</u> Opp to ETS at 14.

To state a claim for unfair competition pursuant to Cal. Bus. & Prof. Code § 17200, a plaintiff must allege an "unlawful, unfair, or fraudulent business act or practice" or "unfair, deceptive, untrue or misleading advertising."  Cal. Bus. & Prof. Code § 17200. California's UCL "borrow[s] violations of other laws and treats" them as unlawful business practices "independently actionable under section 17200."  <u>Farmers Ins. Exch.</u> <u>v. Superior Court</u>, 2 Cal. 4th 377, 383 (1992) (quotation omitted).  "Violation of almost any federal, state, or local law may serve as the basis for a UCL claim."  <u>Plascencia v.</u> <u>Lending 1st Mortgage</u>, 583 F. Supp. 2d 1090, 1098 (N.D. Cal. 2008).  "A complaint based on an unfair business practice may be predicated on a single act; the statute does not require a pattern of unlawful conduct."  <u>Brewer v. Indymac Bank</u>, 609 F. Supp. 2d 1104, 1122 (E.D. Cal. 2009) (citing <u>United Farm Workers of Am., AFL-CIO v. Dutra</u> <u>Farms</u>, 83 Cal. App. 4th 1146, 1163 (2000)).  To have standing to bring suit pursuant to § 17200, a plaintiff must "make a twofold showing: he or she must demonstrate injury in fact and a loss of money or property caused by unfair competition."  <u>Peterson v. Cellco</u> <u>Partnership</u>, 164 Cal. App. 4th 1583, 1590 (2008).

The Court finds that plaintiff has standing to bring her § 17200 claim because she has suffered an injury in fact and a loss of money or property.  <u>See</u> <u>Peterson</u>, 164 Cal.

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1814 CAS | Date | June 21, 2011 |
|----------|----------------|------|---------------|
| Title | FRANCISKA SUSILO v. WELLS FARGO BANK, N.A.; ET AL. | | |

App. 4th at 1590. Plaintiff alleges that defendants foreclosed on the Property unlawfully, without authority and through fraudulent misrepresentations. See FAC ¶¶ 14, 15, 17, 18, 20-26, 31. In light of the Court's conclusion that plaintiff sufficiently alleges the foregoing claims, the Court DENIES defendants' motion to dismiss plaintiff's UCL claim.

## V.     MOTION TO STRIKE

Wells Fargo moves to strike paragraphs 49, 53, 57, 73 and paragraph 4 of plaintiffs' prayer for relief from the FAC on the grounds that "(i) plaintiff is not entitled to punitive damages; and (ii) plaintiff fails to plead facts sufficient for an award of punitive damages pursuant to Cal. Civ. Code §§ 3294(a), (b) and (c)." WFB Mot. to Strike at 3.

A motion to strike material from a pleading is made pursuant to Fed. R. Civ. P. 12(f). Under Fed. R. Civ. P. 12(f), the Court may strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous." A Fed. R. Civ. P. 12(f) motion is not a motion to dismiss for failure to state a claim upon which relief may be granted, and, where not involving a purportedly insufficient defense, simply tests whether a pleading contains inappropriate material. The Court may also strike under Fed. R. Civ. P. 12(f) a prayer for relief which is not available as a matter of law. Tapley v. Lockwood Green Eng'rs, 502 F.2d 559, 560 (8th Cir. 1974). The essential function of a Fed. R. Civ. P. 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Because of "the limited importance of pleadings in federal practice," motions to strike pursuant to Fed. R. Civ. P. 12(f) are disfavored. Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).

Wells Fargo contends that plaintiff has not properly pled punitive damages against a corporation pursuant to Civil Code § 3294, because that section requires plaintiff to "plead and prove that an officer, director or managing agent of Wachovia either directed, or else knew of and then ratified, the purported conduct giving rise to the punitive damages." WFB Mot. to Strike at 2. Wells Fargo argues that it only sought to enforce the terms of a loan it made to plaintiff, and that it cannot be subjected to punitive damages as a result of seeking to enforce the terms of the loan. Id. Additionally, Wells

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1814 CAS | Date | June 21, 2011 |
|---|---|---|---|
| Title | FRANCISKA SUSILO v. WELLS FARGO BANK, N.A.; ET AL. | | |

Fargo contends that plaintiff "fails to . . . plead facts showing malice, oppression, or fraud," as required by the statute.  Id. at 3.

Punitive damages are "available to a party who can plead and prove the facts and circumstances set forth in Civil Code section 3294."  Hilliard v. A.H. Robins Co., 148 Cal. App. 3d 374, 392 (1983).  "To support punitive damages, the complaint . . . must allege ultimate facts of the defendant's oppression, fraud, or malice."  Cyrus v. Haveson, 65 Cal. App. 3d 306, 316-317 (1976).

Plaintiff contends that the FAC alleges with sufficient particularity the nature of the misrepresentations defendants made to plaintiff, who made the representations, and how and when the representations were made.  Opp. to WFB Mot. to Strike at 2.  Plaintiff further argues that she is unable to identify the specific Wells Fargo representatives by name because "the defendants' representatives consistently and repeatedly refused to identify themselves."  Id.  Additionally, plaintiff alleges that the FAC sufficiently establishes fraud, malice, and oppression as used in Cal. Civ. Code § 3294(a).  Id. at 4.

The Court finds that plaintiff sufficiently pleads malice, oppression, and fraud in the FAC.  See Perkins v. Superior Court, 117 Cal. App. 3d 1, 6-7 (1981) ("pleading the language of the statute is not objectionable when sufficient facts are alleged to support the allegation" and "provide[s] notice to defendants of . . . precise claims against them").  Because plaintiff may be able to recover punitive damages pursuant to Cal. Civ. Code § 3294, the Court DENIES Wells Fargo's motion to strike.

## VI.   CONCLUSION

In accordance with the foregoing, the Court's disposition defendants' motions is as follows. Each number signifies the corresponding claim:

1.   Negligence:  DENIED as to Wells Fargo and GRANTED as to ETS with prejudice.

2.   Beach of Contract:  DENIED as to Wells Fargo's and GRANTED as to ETS without prejudice.

3.   Negligent Misrepresentation:  DENIED as to all defendants.

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1814 CAS | Date | June 21, 2011 |
|----------|----------------|------|---------------|
| Title | FRANCISKA SUSILO v. WELLS FARGO BANK, N.A.; ET AL. | | |

4.  Fraud:  DENIED as to all defendants.

5.  Promissory Fraud:  DENIED as to all defendants.

6.  Trespass and Conversion:  DENIED as to all defendants.

7.  Set Aside Trustee's Sale:  DENIED as to all defendants.

8.  Set Aside Trustee's Deed:  DENIED as to all defendants.

9.  Wrongful Foreclosure: DENIED as to all defendants.

10   Breach of the Implied Covenant of Good Faith and Fair Dealing:  DENIED as to Wells Fargo's and GRANTED as to ETS without prejudice.

11.  Violation of Bus. & Prof. Code § 17200 et seq.: DENIED as to all defendants.

Finally, the Court DENIES Wells Fargo's motion to strike.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|----|---|----|
| Initials of Preparer | | CMJ | |