UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1814 (CAS) (PJWx) | Date | October 16, 2012 |
|---|---|---|---|
| Title | FRANCISKA SUSILO V. WELLS FARGO BANK, N.A., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants

Not Present     Not Present

**Proceedings:**   **(In Chambers:)** PLAINTIFF'S MOTION TO AMEND COMPLAINT (Docket # 126, filed September 26, 2012)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of October 29, 2012 is vacated, and the matter is hereby taken under submission.

## I.   INTRODUCTION

On September 26, 2012, plaintiff filed a motion for leave to file a third amended complaint. Defendants Wachovia Mortgage FSB ("Wachovia") and Wells Fargo Bank N.A. ("Wells Fargo") filed an opposition on October 9, 2012, and plaintiff replied on October 15, 2012. After considering the parties arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

As a preliminary matter, the Court must decide whether Federal Rule of Civil Procedure 15(a) or 16(b) applies. Generally, a court grants a motion for leave to amend pleadings pursuant to the permissive standard of Rule 15(a). Martinez v. Newport Beach City, 125 F.3d 777, 785 (9th Cir. 1997). However, once the district court enters a scheduling order establishing a deadline for amending pleadings, Rule 16(b) applies. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). This is because once the scheduling order is in place, the court must modify the scheduling order to permit an amendment. W. Schwarzer, A. Tashima & M. Wagstaffe, Federal Civil Procedure Before Trial (2006) § 8:405.1 (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d at 609).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1814 (CAS) (PJWx) | Date | October 16, 2012 |
|---|---|---|---|
| Title | FRANCISKA SUSILO V. WELLS FARGO BANK, N.A., ET AL. | | |

Here, the Court has already set a deadline of January 13, 2012, for amending pleadings. Dkt. No. 38. Therefore, plaintiff must demonstrate "good cause" for amendment under Rule 16, then if "good cause" is shown, plaintiff must demonstrate that amendment is proper under Rule 15(a).

Rule 16(b)(4) provides that a scheduling order shall be modified "only for good cause." "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. Accordingly, while the court may consider the "existence or degree of prejudice" to the opposing party, the focus of the court's inquiry is upon the moving party's explanation for failure to timely move for leave to amend. Id. "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 609).

Rule 15 provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).

Where leave to amend is required, the decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir.2003)). "Some courts have stressed prejudice to the opposing party as the key factor." Texaco v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991). However, "[u]ndue delay is a valid reason for denying leave to amend." Id. (internal quotation marks and citation omitted); but see Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999) ("Undue delay by itself, however, is insufficient to justify denying a motion to amend."). Further, "the liberality of Rule 15(a) does not mean that amendment will be allowed regardless of the diligence of the moving party. Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." Jordan, 669 F.3d at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1814 (CAS) (PJWx) | Date | October 16, 2012 |
|---|---|---|---|
| Title | FRANCISKA SUSILO V. WELLS FARGO BANK, N.A., ET AL. | | |

1324. "Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." Kaplan, 49 F.3d at 1370 (internal quotation marks and citation omitted). Delay can contribute to a finding of prejudice, for "expense, delay, and wear and tear on individuals and companies count toward prejudice." Id. (internal quotation marks and citation omitted).

### III.   DISCUSSION

Plaintiff seeks leave to amend her complaint for three purposes: (1) to correct the spelling of her name and to sue existing defendants Wachovia and Wells Fargo under their proper names, (2) to add additional claims against Wachovia and Wells Fargo for wrongful eviction, intentional infliction of emotional distress, and negligent infliction of emotional distress, and (3) to add additional defendants.

Plaintiff's request to amend the complaint to address misspelling of her name should be granted. If defendant Wachovia wishes to amend the caption to reflect its correct name, Wachovia may submit a request to amend caption accordingly. The Court considers defendant's two further requests below.

#### A.   Plaintiff's Request to Add Claims against Existing Defendants

According to plaintiff, good cause exists to permit her to add claims against existing defendants because the evidence on which these new claims is based will be presented at trial, and these claims should be heard on their merits. In response, defendants argue that the request should be denied because these new claims arise out of the same facts as claims already asserted in this case, and hence could have been asserted in a prior complaint. Additionally, defendants argue that they will be prejudiced by amendments adding claims for intentional and negligent infliction of emotional distress because discovery has been closed and they have not conducted medical discovery related to emotional distress.

The Court finds that there is no good cause shown to allow the amendment. Plaintiff has not adequately explained why she was ignorant of the factual basis of these claims despite due diligence, nor has she given the Court any other adequate explanation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1814 (CAS) (PJWx) | Date | October 16, 2012 |
|---|---|---|---|
| Title | FRANCISKA SUSILO V. WELLS FARGO BANK, N.A., ET AL. | | |

for her delay in adding these new claims. Moreover, adding these new claims will cause undue delay and prejudice to defendants, as additional discovery may be necessary.

### B. Plaintiff's Request to Add New Defendants

Plaintiff seeks to add as defendants 1100 Wilshire Owners Association (the "HOA"), Action Property Management ("Action"), and Barry James (collectively "the new defendants"). The HOA is the homeowners association of which plaintiff was a member, Action was a management company hired by the HOA, and Barry James was the on-site manager of the property where plaintiff's condominium was located. Plaintiff now believes that these defendants may have been responsible for removing her personal belongings from her condominium, and she therefore seeks to add these defendants and assert claims against them for conversion and trespass.

Plaintiff argues that good cause exists to amend her pleadings to add these parties because she only learned of facts underlying the claims against them at recent depositions taken in July 2012 and August 2012. Plaintiff purportedly learned only at these depositions that Action was in charge of providing security for the property on which plaintiff's condominium was located, and that a substantial amount of electricity was used in plaintiff's condominium between September 2010 and December 2010, which is after plaintiff vacated it. Additionally, plaintiff argues that the defense has recently changed its position regarding the trespass and conversion claims asserted. According to plaintiff, until recently, the defendants argued that plaintiff was responsible for removing her property from her condominium, whereas they now argue that the HOA was responsible for removing the property.

In opposition, the defendants argue that plaintiff knew of the potential conversion and trespass claims against the new defendants as early as May 2011. In support of this argument, defendants point to e-mails sent by plaintiff in which she asks Gary Pollack, her accountant, to "sue the management" to recover her personal items. See Levine Decl. ¶¶ 7 – 9; Levine Decl. Ex. A, Property E-mail 07. After Mr. Pollack responded that it is uncertain who took her property, she replied that she is certain that it was the management company. Id. Additionally, defendants argue that if new defendants are added to the case, they will suffer prejudice and undue delay because discovery will be reopened.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1814 (CAS) (PJWx) | Date | October 16, 2012 |
|---|---|---|---|
| Title | FRANCISKA SUSILO V. WELLS FARGO BANK, N.A., ET AL. | | |

      The Court finds that the requisite showing of good cause to add the new defendants has not been made. The e-mail evidence pointed to by defendants' shows that plaintiff knew of these potential claims as early as May 2011. Additionally, plaintiff has not shown reasonable diligence in seeking out facts supporting the claims against the new defendants, nor has she adequately explained why the information she learned at recent depositions informed her for the first time about her potential claims against the new defendants.

### IV.   CONCLUSION

      In accordance with the foregoing, plaintiff's motion for leave to amend her complaint is GRANTED IN PART and DENIED IN PART. The Court orders that the caption and the docket in this case be amended to reflect the proper spelling of plaintiff's name: "Fransiska Susilo." All future filings must conform to this modification. Insofar as plaintiff wishes to add new claims or defendants, her motion is denied.

      IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |