UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  "O"

| Case No. | CV 11-1814 (CAS) (PJWx) | Date | November 19, 2012 |
|---|---|---|---|
| Title | FRANSISKA SUSILO V. WELLS FARGO BANK, N.A. ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Sheri Kleeger | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Roger Manlin | Jeremy Shulman |

**Proceedings:** DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S JURY DEMAND (Docket # 128, filed September 28, 2012)

On September 28, 2012, defendants moved to strike plaintiff's jury demand. On October 7, 2012, plaintiff filed an opposition, and defendant replied on October 15, 2012. Defendants' motion is before the Court.

Plaintiff first filed this case in Los Angeles County Superior Court on January 21, 2011, and filed a First Amended Complaint on February 17, 2011. Neither of these complaints contained a formal jury demand. Defendants removed the case to this Court on March 2, 2011. Defendants filed answers on July 6, 2011 and July 19, 2011.

Plaintiff made its first formal demand for a jury trial on August 21, 2011. Dkt. # 35. Additionally, on November 7, 2011, the Court entered an order scheduling a jury trial, and plaintiff filed a second amended complaint requesting a jury trial. Dkt. # 38.

Local Rule 38-2 sets out the rules for timely demanding a jury trial in a case removed from state court, and provides that "the demand for jury trial must be filed within ten (10) days after service of the last responsive pleading addressed to an issue triable by right by a jury." L.R. 38-2; see also Fed. R. Civ. Proc. 38(b) (jury demand must be served "no later than 14 days after the last pleading directed to the issue is served"). Under Ninth Circuit law, "[a]n untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown." Pacific Fisheries Corp. v. HIH Case & General Ins., Ltd., 239 F.3d 1000, 1002 (9th Cir. 2001).

Here, because plaintiff's jury demand was first made on August 21, 2011, and the last responsive pleading was filed July 19, 2011, plaintiff's jury demand was untimely. Although plaintiff filed a second amended complaint on November 7, 2011, this complaint raises the same basic factual issues as plaintiff's previous complaint, and an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | "O" |
|---|---|---|---|
| Case No. | CV 11-1814 (CAS) (PJWx) | Date | November 19, 2012 |
| Title | FRANSISKA SUSILO V. WELLS FARGO BANK, N.A. ET AL | | |

amended complaint only revives the right to demand a jury trial if it adds new factual issues.  See, e.g., Las Vegas Sun, Inc. v. Summa Corp., 610 F.2d 614, 620 (9th Cir. 1979).  Because Ninth Circuit law requires the Court to reject untimely jury demands, defendants' motion should be granted.

     Plaintiff resists this result on the grounds that defendants have waited until the eve of trial to object to her jury demand, and also points out that the Court's November 7, 2011 order schedules a jury trial.  However, plaintiff was notified by the Court on August 29, 2011 that it would wait until the pretrial conference to consider plaintiff's late jury demand.  Specifically, during the August 29, 2011 hearing, counsel for plaintiff asked the Court "Does the Court wish to consider at this time the tardy demand for jury," to which the Court responded:

> I will tell you you're probably going to lose because the law in this Circuit is pretty clear that if your jury demand is not on time, there's basically no basis for the Court granting a jury trial.  But what I think we should do . . . [is] take it up at the time of the pretrial conference in the case.  I think you have to assume that we probably are going to have a bench trial.

Shulman Decl. Ex. A (transcript of August 29, 2011 hearing).  Counsel for plaintiff did not object to the Court's comments.  Consequently, plaintiff cannot reasonably complain that it lacked notice of the possibility that the case would not be tried to a jury.  Additionally, in light of the August 29, 2011 hearing, it appears that the reference to a "jury trial" in the scheduling order was a clerical error, and the order is hereby amended nunc pro tunc to state that the trial is a bench trial.

     In accordance with the foregoing, defendants' motion to strike plaintiff's jury demand is GRANTED.

     IT IS SO ORDERED.

| | 00 | : | 05 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |