## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

"O"

| Case No. | CV 11-1814 CAS (PJWx) | Date | November 19, 2012 |
|---|---|---|---|
| Title | FRANSISKA SUSILO V. WELLS FARGO BANK, N.A. ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Sheri Kleeger | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Roger Manlin | Jeremy Shulman |

**Proceedings:**     DEFENDANTS' MOTION TO REQUIRE PLAINTIFF TO POST AN UNDERTAKING (Docket # 129, filed September 28, 2012)

On September 28, 2012, defendants filed a motion requesting that plaintiff post a $225,000 bond to secure Wachovia's reasonable attorney's fees and costs prior to commencing trial in this action. On October 7, 2012, plaintiff filed an opposition, and defendants replied on October 15, 2012. Defendants' motion is before the Court.

Nothing in the Federal Rules of Civil Procedure requires a plaintiff to post a security for defendants' costs and attorney's fees. Nonetheless, district courts have inherent authority to require a plaintiff to post a security for costs, and federal courts often look to state practice when determining whether to require a plaintiff to post an undertaking. <u>Simulnet East Associates v. Ramada Hotel Operating Co.</u>, 37 F.3d 573, 574 (9th Cir. 1994) (quoting Wright & Miller, 10 Fed. Prac. & Proc. Civ § 2671). Here, the relevant California statute is California Code of Civil Procedure § 1030, which provides that:

(a) When the plaintiff in an action or special proceeding resides out of the state, or is a foreign corporation, the defendant may at any time apply to the court by noticed motion for an order requiring the plaintiff to file an undertaking to secure an award of costs and attorney's fees which may be awarded in the action or special proceeding. For the purposes of this section, "attorney's fees" means reasonable attorney's fees a party may be authorized to recover by a statute apart from this section or by contract.

(b) The motion shall be made on the grounds that the plaintiff resides out of the state or is a foreign corporation and that there is a reasonable possibility that the moving defendant will obtain judgment in the action or special proceeding.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          "O"

| Case No. | CV 11-1814 CAS (PJWx) | Date | November 19, 2012 |
|----------|-----------------------|------|-------------------|
| Title | FRANSISKA SUSILO V. WELLS FARGO BANK, N.A. ET AL | | |

Cal. Code Civ. Proc. § 1030.  Although district courts often look to state practice to determine whether it is appropriate to require plaintiff to post a security, there is no requirement that federal courts do so.  <u>See Jefferson v. Stockholders Pub. Co.</u>, 194 F.2d 281, 282 (9th Cir. 1952).

Additionally, when a district court considers whether to require a plaintiff to post a bond for defendants' costs, "care must be taken not to deprive a plaintiff of access to the federal courts."  <u>Simulnet East Associates</u>, 37 F.3d at 575 – 576.  Consequently, the Ninth Circuit has explained that a court considering whether to require a plaintiff to post an undertaking must balance "(i) the degree of probability/improbability of success on the merits, and the background and purpose of the suit; (ii) the reasonable extent of the security to be posted, if any, viewed from the defendant's perspective; and (iii) the reasonable extent of the security to be posted, if any, viewed from the nondomiciliary plaintiff's perspective."  <u>Id.</u> at 576 (citing <u>Aggarwal v. Ponce School of Medicine</u>, 745 F.2d 723, 727 – 728 (1st Cir. 1984).  Any bond required must be "fair in the light not only of the case itself and of the exigencies faced by the defendant, but also fair when illuminated by the actual financial situation of the plaintiff."  <u>Id.</u>

Here, defendants request a security for costs and attorneys fees pursuant to California Civil Code § 1030 based on the fact that plaintiff is a resident of Singapore and defendants have a reasonable chance of succeeding on the merits.  There is no showing that plaintiff lacks attachable assets in California or the United States, and no showing that plaintiff's assets in Singapore would be difficult to attach.  <u>See id.</u> (noting that the absence of attachable property is a relevant factor to consider when considering whether to require a bond).  Similarly, there is no showing that plaintiff lacks assets to pay defendants' purported $225,000 in costs and attorney's fees.  In fact, relying on the very same documents that Wachovia rejected in November 2010 as sufficient to prove that plaintiff had enough money to pay roughly $50,000 reinstate her mortgage, defendants now argue that plaintiff has roughly $250,000 in a single Citibank account.

In these circumstances, requiring plaintiff to post a bond would run contrary to the Ninth Circuit's observation that "toll-booths cannot be placed across the courthouse doors in a haphazard fashion."  <u>Simulnet East Associates</u>, 37 F.3d at 376.  Without any particularized showing that there is a real risk of defendants being unable to recover costs and attorney's fees to which they are entitled, there is simply no basis on which to require plaintiff to post a bond.  Additionally, a bond is inappropriate considering the purpose of this lawsuit and defendants' chances of success on the merits: it would be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          "O"

| Case No. | CV 11-1814 CAS (PJWx) | Date | November 19, 2012 |
|---|---|---|---|
| Title | FRANSISKA SUSILO V. WELLS FARGO BANK, N.A. ET AL | | |

improper for the Court to disincentivize legitimate challenges by homeowners to potentially unlawful foreclosures.  Moreover, as set forth in the Court's order granting in part and denying in part defendants' request for summary judgment, plaintiff has a reasonable chance of succeeding on the merits.

Accordingly, considering the factors set out by the Ninth Circuit, plaintiff need not post an undertaking, and defendants' motion is DENIED.

IT IS SO ORDERED.

|  | 00 | : | 05 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |