UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   "O"

| Case No. | CV 11-1814 CAS (PJWx) | Date | November 19, 2012 |
|---|---|---|---|
| Title | FRANSISKA SUSILO V. WELLS FARGO BANK, N.A. ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Sheri Kleeger | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants | |
| Roger Manlin | Jeremy Shulman | |

**Proceedings:** DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO SECOND AMENDED COMPLAINT (Docket #131, filed September 28, 2012)

## I. INTRODUCTION

On January 21, 2011, plaintiff Franciska Susilo filed the instant action in Los Angeles Superior Court against Wells Fargo Bank, N.A. ("Wells Fargo"); Wachovia Mortgage FSB ("Wachovia"); ETS Services, LLC ("ETS"); and Does 1–50. The gravamen of plaintiff's SAC is that defendants wrongfully initiated foreclosure proceedings on real property located at 1100 Wilshire Blvd., Unit 3108, Los Angeles, CA, 90017 (the "Property"), and that the trustee's sale is invalid because defendants violated an agreement to permit plaintiff to cure the default and reinstate the loan, refused to communicate with plaintiff and her representative regarding the foreclosure sale and the amount of money necessary to cure the default and reinstate her loan, and executed the foreclosure through fraudulent conduct and bad faith. See Second Amended Complaint ("SAC") ¶¶ 9, 14, 16–21, 27, 30–31.

Defendants' Wachovia and Wells Fargo filed a motion for summary judgment on September 28, 2012. Plaintiff filed an opposition on October 27, 2012, and defendants replied on November 5, 2012. Defendants' motion is presently before the Court.

## II. BACKGROUND

### A. Plaintiff's Loan, Default, and Early Attempts to Cure the Default

This case arises out of the foreclosure of plaintiff's condominium, 1100 Wilshire Boulevard, Unit 3108, Los Angeles ("the Property"), in November 2010. Plaintiff, a permanent resident of Singapore, purchased the property by obtaining a loan for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  "O"

| Case No. | CV 11-1814 CAS (PJWx) | Date | November 19, 2012 |
|---|---|---|---|
| Title | FRANSISKA SUSILO V. WELLS FARGO BANK, N.A. ET AL | | |

$620,750 from defendant Wachovia ("the loan."). Defendant's Statement of Uncontroverted Facts ("Def. SUF") ¶¶ 1 – 2; Plaintiff's Response to Defendant's Statement of Uncontroverted Facts ("Ptf. Reply to Def. SUF") ¶¶ 1 – 2. Plaintiff defaulted on her loan in September 2009. Def. SUF ¶ 3; Ptf. Reply to Def SUF ¶ 3.

Following the default, Wachovia sent multiple letters to plaintiff's address in Singapore requiring plaintiff to cure the default. Def. SUF ¶¶ 5 – 6; Ptf. Reply to Def. SUF ¶¶ 5 – 6.[1] Wachovia did not receive funds sufficient to cure the default, and therefore caused a Notice of Default to be recorded in the Los Angeles County Recorder's Office, and also referred the Property to ETS Services LLC for foreclosure. Def. SUF ¶¶ 7 – 8; Ptf. Reply to Def. SUF ¶¶ 7 – 8. The Notice of Default was mailed to plaintiff on July 30, 2010. Def SUF ¶ 8; Ptf. Reply to Def. SUF ¶ 8.

After plaintiff received the Notice of Default, she asked her stepson David Soeryadjaya to contact the bank regarding the default. Def. SUF ¶ 9; Ptf. Reply to Def. SUF ¶ 9. Subsequently, ETS and Wachovia notified plaintiff that she had to pay a reinstatement fee of $46,796 to cure the default on her loan. Def. SUF ¶ 11 – 12; Ptf. Reply to Def. SUF ¶¶ 11 – 12. This reinstatement quote was valid through October 11, 2010. Def SUF ¶ 12; Ptf. Reply to Def. SUF ¶ 12. On October 11, 2010, Wachovia received (through its Cashiering Department in San Antonio) a check generated from an online banking bill pay account to pay the reinstatement quote. Def. SUF ¶ 15; Ptf. Reply to Def. SUF ¶ 15. In a letter dated October 12, 2010, Wachovia rejected this check as payment for the reinstatement quote. Def. SUF ¶¶ 23, 30; Ptf. Reply to Def. SUF ¶¶ 23, 20.

Although the parties agree that this check was not accepted by Wachovia for reinstatement of plaintiff's loan, the parties dispute why the check was not accepted. According to Wachovia, the check was rejected because it was a personal check, and Wachovia at the time only accepted cashier's checks or other certified funds for reinstatement payments. Def. SUF ¶¶ 20 – 21. Plaintiff disputes this fact, and notes that the letter rejecting her reinstatement payment stated "we will not accept these funds as they were received during the initiation of a foreclosure action and are not enough to reinstate the loan." Ptf. Reply to Def. SUF ¶ 21. Wachovia admits that this language

---

[1] Although plaintiff does not dispute that the letters were sent or that the default occurred in September 2009, plaintiff contends that she did not receive the letters. See Ptf. Reply to Def. SUF ¶¶ 5 – 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** "O"

| Case No. | CV 11-1814 CAS (PJWx) | Date | November 19, 2012 |
|---|---|---|---|
| Title | FRANSISKA SUSILO V. WELLS FARGO BANK, N.A. ET AL | | |

was included in the letter rejecting plaintiff's reinstatement check, but contends that it was only "inapplicable form language." Def. SUF ¶ 24.

### B. Gary Pollack's Attempts to Cure Plaintiff's Default

On October 21, 2010, a Notice of Trustee's Sale for the Property was recorded, and set the time and date of sale for November 12, 2010 at 10:30 AM. Def. SUF ¶ 26; Ptf. Reply to Def. SUF ¶ 26. Plaintiff did not, however, receive Wachovia's October 12, 2010 letter rejecting her attempted reinstatement payment until late October or early November 2010. Def. SUF ¶ 30; Ptf. Reply to Def. SUF ¶ 30. When she received the letter, she faxed it to Gary Pollack ("Pollack"), a certified public accountant who managed plaintiff's business affairs and who offered to take care of the problem. Def. SUF ¶ 31; Ptf. Reply to Def. SUF ¶ 31. Pollack contacted ETS on November 4 or 5, and explained that he wanted to cure the default on plaintiff's loan, and that he needed to know how much was due and how the payment should be made. Plaintiff's Statement of Uncontroverted Facts ("Ptf SUF") ¶ 7. ETS responded that they needed a power of attorney before they could speak with him about plaintiff's loan, so over the weekend, Pollack obtained a power of attorney from plaintiff and sent it to ETS. Ptf SUF ¶¶ 7 – 8. On November 7, 2012, ETS representatives confirmed that they received the power of attorney, and informed Pollack that the trustee's sale for the property was scheduled for November 12, 2012, and that Wachovia – not ETS – had reinstatement information. Ptf. SUF ¶ 9.

The parties dispute the balance of what took place when Pollack contacted ETS and Wachovia representatives in his attempt to cure plaintiff's default. According to Wachovia, Pollack did not contact Wachovia until November 9, 2010. Def. SUF ¶ 32. When he did, Pollack was advised that he could not be given information about plaintiff's account without authorization, but was also advised to send Wachovia proof and funds sufficient to reinstate plaintiff's loan. Def. SUF ¶ 36. Wachovia acknowledged that it received documents from plaintiff purporting to show proof of funds sufficient to reinstate the mortgage, but explains that they did not satisfy Wachovia's policies because they did not demonstrate an immediate ability to reinstate the loan. Def. SUF ¶¶ 40 – 43. Plaintiff and Pollack then called Wachovia together on November 10, 2010, and they were told that no reinstatement quote could be given for the loan due to the imminent trustee sale and that the sale could not be postponed. Def. SUF ¶¶ 44 – 46. Wachovia claims the trustee sale took place on November 12, 2010 at 10:30 AM. Def. SUF ¶ 48.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | "O" |
|---|---|---|---|
| Case No. | CV 11-1814 CAS (PJWx) | Date | November 19, 2012 |
| Title | FRANSISKA SUSILO V. WELLS FARGO BANK, N.A. ET AL | | |

Plaintiff's version of Pollack's conversations with ETS and Wachovia is substantially different. Plaintiff claims that Pollack contacted Wachovia several times on November 7 and 8, but only spoke with "unhelpful" employees. Ptf. SUF ¶ 11. Plaintiff states that Pollack was told to fax Wachovia proof of sufficient funds to bring the loan current, which he did on November 10, 2012. Ptf. SUF ¶ 13. Additionally, plaintiff asserts that a Wachovia employee gave Pollack a reinstatement figure of $51,500, and that an ETS employee told Pollack that Wachovia stated that the foreclosure sale would be stopped if he faxed a cashier's check to Wachovia for $51,800 by 1 PM on November 12, 2010. Ptf. SUF ¶¶ 15 – 16. Pollack then faxed a cashier's check for $52,000 to Wachovia on November 12 at 10:42 AM, but the sale took place anyway. Ptf. SUF ¶ 17.

### C. Defendant's Post-Foreclosure Actions

The Trustee's Sale resulted in Wachovia taking ownership of the Property by a Trustee's Deed Upon Sale recorded December 7, 2010. Def SUF ¶ 56; Ptf. Reply to Def. SUF ¶ 56.[2] Wachovia assigned real estate broker Christopher Robertson ("Robertson") to market the property, and no one other than Robertson ever visited the property on Wachovia's behalf. Def. SUF ¶¶ 57, 60.

The parties agree that plaintiff's children were the last occupants of the Property. Def. SUF ¶ 69; Ptf. Reply to Def. SUF ¶ 69. However, they dispute the other facts related to Wachovia taking possession of the Property. According to Wachovia, Robertson visited the property several times after November 15, 2012, and the home owners' association charged with managing the property informed him that the Property was vacant and the electricity had been terminated for non-payment. Def. SUF ¶ 58. Robertson entered the property for the first time on December 10, 2010. Def. SUF ¶ 62. Upon entering the property, Robertson saw no furniture or stand alone appliances, but only saw trash and discarded moving supplies. Def. SUF ¶ 63. Consequently, Wachovia claims that Robertson did not steal or otherwise convert any of plaintiff's property. Def. SUF ¶¶ 66, 70. According to plaintiff, however, her apartment was fully furnished when her children left in August 2010, and since she is unsure of how her property was

---

[2] Plaintiff does dispute, however, whether the Trustee's Deed was transferred to Wachovia or Wells Fargo, but that appears to be immaterial for purposes of this motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | "O" |
|---|---|---|---|
| Case No. | CV 11-1814 CAS (PJWx) | Date | November 19, 2012 |
| Title | FRANSISKA SUSILO V. WELLS FARGO BANK, N.A. ET AL | | |

removed, she disputes Wachovia's assertion that it did convert her property. Ptf. Reply to Def. SUF ¶¶ 66, 70; Ptf SUF ¶ 20.

Wachovia eventually sold the property to non-party Hiroyuki Urasawa on January 28, 2011.

### III.   LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | "O" |
|---|---|---|---|
| Case No. | CV 11-1814 CAS (PJWx) | Date | November 19, 2012 |
| Title | FRANSISKA SUSILO V. WELLS FARGO BANK, N.A. ET AL | | |

## IV.   ANALYSIS

### A.   Plaintiff's Tort and Contract Claims Arising Out of the Allegedly Wrongful Foreclosure

In its order denying defendants' motion to dismiss, the Court found that Wells Fargo and Wachovia owed plaintiff a duty under California Civil Code § 2924 to provide accurate information about the amount plaintiff needed to pay to reinstate her loan. See Dkt. # 30 at 10. Similarly, the Court found that failure to disclose the reinstatement amount was a potential breach of the deed of trust, which stated that the foreclosure sale had to comply with applicable law, including § 2924. Dkt #30 at 12 – 13.

Defendants now argue that summary judgment on plaintiff's contract and tort claims is warranted because Wachovia provided accurate reinstatement information in September and October 2010, and was only asked for another reinstatement quote after plaintiff's statutory right to reinstate her loan expired on November 5, 2012. See Cal. Civ. Code § 2924c(e) (right of reinstatement only lasts until five business days prior to the date of sale). With respect to plaintiff's claims for fraud, defendants argue that even if plaintiff could show that any of defendants statements were false, plaintiff has no evidence showing knowledge of falsity, intent to defraud, or justifiable reliance. Finally, defendants argue that plaintiff has not shown that she can recover any damages as a result of the foreclosure because there is no evidence that she had equity in the Property, there is no evidence of collateral damages from the foreclosure, and ownership of the Property cannot be transferred in this case because its current owner is not a party.

In response, plaintiff argues that she contacted Wachovia through ETS, who plaintiff argues was acting as Wachovia's agent, within five business days of the trustee sale, but did not receive reinstatement information. Additionally, plaintiff argues that Wachovia breached its contractual and statutory duties by telling Pollack that he could stop the trustee sale if he faxed Wachovia a cashier's check for $52,000 by November 12, 2010 at 1 PM. Finally, plaintiff argues that Wachovia breached a duty by stating that it rejected plaintiff's $46,800 check because more money was needed to reinstate the loan, whereas Wachovia now states that the check was only rejected because it was not certified.

Defendants reply that Pollack's deposition testimony shows that he understood that no one at Wachovia ever agreed to postpone the November 12, 2012 sale, and that it would not have made sense for defendants to agree to stop the sale upon receipt of a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     "O"

| Case No. | CV 11-1814 CAS (PJWx) | Date | November 19, 2012 |
|---|---|---|---|
| Title | FRANSISKA SUSILO V. WELLS FARGO BANK, N.A. ET AL | | |

check on November 12, 2010 at 1 PM because the sale was scheduled earlier than that time. Additionally, Wachovia argues that no breach of duty occurred when ETS failed to provide Pollack with information on November 4 or 5 because Pollack did not have authorization to receive information about plaintiff's loan, and the privacy policy Wachovia adopted pursuant to federal law prevents it from disclosing information to third parties without authorization. Finally, defendants argue that the misleading language stating that $46,800 check was for an insufficient amount was "inapplicable form language," and that plaintiff knew at all times how much she needed to pay to reinstate her loan and what form those funds needed to take.

     The Court finds that there are genuine disputes of fact related to plaintiff's wrongful foreclosure tort and contract claims. At the very least, the statement in Wachovia's October 10, 2012 letter that plaintiff's check for $46,800 was an insufficient amount precludes granting defendant summary judgment. As this Court previously found, Wachovia has a statutory duty to provide plaintiff with accurate reinstatement information under California Civil Code § 2924c. This duty appears to have been breached by reason of Wachovia's statement that $46,800 was insufficient to reinstate plaintiff's loan. Interpreting the facts in the light most favorable to plaintiff, as a result of this statement, neither plaintiff nor Pollack knew what amount of money needed to be transferred to Wachovia to reinstate the loan. Wachovia then failed to timely provide plaintiff or Pollack with information correcting the false impression created by the October 10 letter, and foreclosure resulted despite the fact that plaintiff apparently stood ready to send Wachovia certified funds in an amount sufficient to stop the foreclosure.

     Additionally, plaintiff can pursue her claims for intentional misrepresentation at trial even though plaintiff has not put forward evidence that defendants' employees knew their misrepresentations were false. Under California law, "[a] representation made recklessly without knowledge of its falsity is sufficient to establish scienter." <u>Textron Financial Corp. v. National Union Fire Ins. Co. of Pittsburgh</u>, 118 Cal. App. 4th 1061, 1073 (Cal. App. 4th 2004). Additionally, California law recognizes the principle that liability for fraud is appropriate either when reliance is intended by defendant or when it should be reasonably expected to occur. <u>Lovejoy v. AT&T Corp</u>., 92 Cal. App. 4th 85, 94 (Cal. App. 3d 2001). Accordingly, taking the undisputed facts in the light most favorable to plaintiff, plaintiff could succeed on her intentional misrepresentation claims because it appears that Wachovia's statement that $46,800 was an insufficient amount to reinstate plaintiff's mortgage was made recklessly: this statement contradicted information in Wachovia's possession and flatly contradicted information Wachovia had provided plaintiff earlier. Moreover, it is reasonable to expect plaintiff to rely on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     "O"

| Case No. | CV 11-1814 CAS (PJWx) | Date | November 19, 2012 |
|---|---|---|---|
| Title | FRANSISKA SUSILO V. WELLS FARGO BANK, N.A. ET AL | | |

information provided from her lender. Consequently, there is sufficient evidence to allow plaintiff to proceed to trial on her intentional misrepresentation claims.

     Although plaintiff cannot attempt to set aside the sale of the Property for the reasons discussed below, plaintiff can nonetheless pursue damages caused by unlawful irregularities in the foreclosure sale. See Moeller v. Lien, 25 Cal. App. 4th 822, 832 (Cal. App. 2d 1994) ("Where the trustor is precluded from suing to set aside the foreclosure sale, the trustor may recover damages from the trustee."); South Bay Building Enterprises, Inc. v. Riviera Lend-Lease, Inc., 72 Cal. App. 4th 1111, 1121 ("When the property has been sold to a bona fide purchaser, even though the sale cannot be avoided, the trustor or a junior lienor ... retain[s] the right to recover damages from the trustee and the beneficiary of the foreclosing lien if there have been material irregularities in the conduct of the foreclosure."). Presumably, these damages would be any collateral consequences of the foreclosure sale that caused plaintiff harm.[3]

     Moreover, although defendant has moved for summary judgment regarding plaintiff's claims for punitive damages, there are genuine disputes of fact regarding whether punitive damages could be awarded in this case. Pursuant to California Civil Code § 3294, punitive damages may be awarded "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a). Additionally, a corporate employer is liable for punitive damages when an officer, director, or "managing agent" of the corporation either commits the underlying act warranting a grant of punitive damages, or ratifies the act. Cal. Civ. Code § 3294(b). Here, as explained above, there are genuine issues of fact

---

[3] Plaintiff is not, however, seeking restitution damages. Consequently, because plaintiff can only recover restitution under California Business and Professions § 17200, defendants' motion for summary judgment on plaintiff's § 17200 claim should be granted. Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1148 (Cal. 2003) ("the Legislature did not intend to authorize courts to order monetary remedies other than restitution in an individual action [under § 17200].").
     At oral argument, plaintiff's counsel disputed this ruling, and argued that she is seeking restitution on the theory that the bank sold the Property for an amount greater than the remaining balance on plaintiff's note. This theory appears nowhere in plaintiff's complaint and is not supported by any evidence submitted by plaintiff in opposition to the motion for summary judgment. Plaintiff therefore cannot maintain a claim under § 17200.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | "O" |
|---|---|---|---|
| Case No. | CV 11-1814 CAS (PJWx) | Date | November 19, 2012 |
| Title | FRANSISKA SUSILO V. WELLS FARGO BANK, N.A. ET AL | | |

regarding whether defendants are liable for fraud. Moreover, there appear to be genuine disputes of fact regarding whether management level employees at Wachovia played a role in the alleged misconduct, including "loan administration manager" Jessica Angulo. DEF SUF # 45. Defendants fail to explain what management authority Jessica Angulo or others potentially responsible for the misstatements exercised in this case, and therefore the Court cannot find that there are no issues of material fact concerning the role of "managing agents" in the alleged misconduct.

### B. PLAINTIFFS' CLAIMS SEEKING TO VOID THE TRUSTEE'S SALE AND CANCEL THE TRUSTEE'S DEED

Plaintiff's seventh and eighth claims for relief seek to void the Trustee's Sale and cancel the Trustee's Deed. Wachovia moves for summary judgment on these claims because the current owner of the Property, Hiroyuki Urasawa, is an indispensable party under Rule 19 but not joined in this action. Fed. R. Civ. Proc. 19; Virginia Sur. Co. v. Northrop Grumman Corp., 144 F.3d 1243, 1248 (9th Cir. 1998) ("no procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable."). In response, plaintiff offers no argument regarding why Hiroyuki Urasawa is not an indispensable party, but instead assures the Court that she is only seeking damages for wrongful foreclosure. See Ptf. Opp. at 13. Accordingly, it appears that plaintiff has elected to seek damages instead of injunctive relief, and hence has abandoned her seventh and eighth claims for relief. Consequently, defendants should be granted summary judgment on claims seeking to void the foreclosure and cancel the trustee's deed.

### C. PLAINTIFFS' TRESPASS AND CONVERSION CLAIMS

Plaintiff claims that defendants are liable for trespass because she was still the rightful owner of the Property when defendants took possession in November and December 2010. Additionally, plaintiff maintains that her property was fully furnished at the time defendants entered the property, and that defendants "trashed the property" and are therefore liable for conversion.

In order for plaintiff to maintain her cause of action for trespass, she must show that she had a possessory interest in the Property at the time defendants took possession. Restatement (Second) of Torts § 158; Sprinks v. Equity Residential Briarwood

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | "O" |
|---|---|---|---|
| Case No. | CV 11-1814 CAS (PJWx) | Date | November 19, 2012 |
| Title | FRANSISKA SUSILO V. WELLS FARGO BANK, N.A. ET AL | | |

Apartments, 171 Cal. App. 4th 1004, 1042 (Cal. App. 6th 2009). At the time Wachovia took possession of the Property, however, the Property had been transferred to it by a Deed of Trust, and neither plaintiff nor her family had occupied the property for several months. Since a valid transfer of the Deed of Trust to Wachovia under these circumstances would eliminate plaintiff's right to possess the property, the only way plaintiff can succeed on her claim for trespass is to show that the transfer to Wachovia was void. This is the case because a void transfer "has no force and effect," so if the transfer to Wachovia is void, the transfer could neither deprive plaintiff of a possessory interest nor grant Wachovia the right to possession. See Little v. Cfs Service Corp., 188 Cal. App. 3d 1354, 1358 (Cal. App. 2d 1987). Alternatively, if the transfer to Wachovia was merely voidable, then it has legally binding force until action is taken to set it aside. See, e.g., White Dragon Productions, Inc. v. Performance Guarantees, Inc., 196 Cal. App. 3d 164, 172 (Cal. App. 2d 1987) ("A voidable act takes its full and proper legal effect unless and until it is disputed and set aside by some tribunal, entitled to do so."). Consequently, if the transfer were voidable, the transfer to Wachovia would have deprived plaintiff of her right of possession when Wachovia took possession, and plaintiff will not be able to maintain her claim for trespass.

The Court therefore must determine whether plaintiff can show that the transfer to Wachovia was void rather than voidable based on the alleged misstatements that occurred in connection with the sale of the Property. The California Court of Appeal has addressed the conditions under which notice defects in a trustee's sale render a sale void or voidable in Little v. Cfs Service Corp., 188 Cal. App. 3d 1354 (Cal. App. 2d 1987). Under Little, the court observed that under California law it is irrelevant whether an alleged "notice defect" is "major" or "minor." Id. at 1358 – 1359. Instead, the relevant factor for determining whether a sale is void or voidable is "the existence and effect of a conclusive presumption of regularity of the sale." Id. at 1359. The court explained that "[w]here there has been a notice defect and no conclusive presumption language in the deed, the sale has been held void," but "[w]here there has been a notice defect and conclusive presumption language in the deed, courts have characterized the sales as voidable." Id.

Although the alleged misrepresentations at issue in this case are not strictly speaking "notice defects," but are instead misrepresentations about reinstatement, the Court finds that Little is relevant authority and applies to the sort of defective information plaintiff received here. Accordingly, the transfer of plaintiff's property was only void if there is no conclusive presumption language in the deed under which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | "O" |
|---|---|---|---|
| Case No. | CV 11-1814 CAS (PJWx) | Date | November 19, 2012 |
| Title | FRANSISKA SUSILO V. WELLS FARGO BANK, N.A. ET AL | | |

Wachovia acquired the property. That deed does, however, contain language giving rise to a presumption that the sale is valid:

> Trustee having complied with all applicable statutory requirements of the State of California and performed all duties required by the Deed of Trust including sending a Notice of Default and Election to Sell within ten days after its recording and a Notice of Sale at least twenty days prior to the Sale Date by certified mail, postage pre-paid to each person entitled to notice in compliance with California Civil Code 2924b.

See Defendants' Request for Judicial Notice Ex. G; Nguyen v. Calhoun, 105 Cal. App. 4th 428, 441 ("If the trustee's deed recites that all statutory notice requirements and procedures required by law for the conduct of the foreclosure have been satisfied, a rebuttable presumption arises that the sale has been conducted regularly and properly; this presumption is conclusive as to a bona fide purchaser."); see also Napue v. Gor-Mey West, Inc., 175 Cal. App. 3d 608, 620 – 621 (Cal. App. 2d 1985) (failure to comply with § 2924 notice requirements renders sale voidable not void, even when purchaser is not a bona fide purchaser). Consequently, plaintiff lost her right to possess the Property when it was sold at the foreclosure sale, and cannot pursue a claim for trespass.

Additionally, summary judgment is appropriate on plaintiff's claim for conversion because no rational trier of fact could find in plaintiff's favor on this claim. Plaintiff offers no evidence demonstrating that Wachovia converted her property. Wachovia, however, submitted a sworn declaration from Robertson stating that when he entered the property he only found trash and packing supplies. Robertson Decl. ¶ 6; Def SUF ¶ 63. Additionally, Robertson submitted photographs showing the condition of the property when he first arrived, and the photographs corroborate his testimony. Since plaintiff has not responded to this evidentiary showing with any proof that Wachovia converted personal property left in the unit, summary judgment in defendants' favor is proper on plaintiff's conversion claim.

## V.     CONCLUSION

In accordance with the foregoing, defendants' motion for summary judgment is hereby GRANTED IN PART and DENIED IN PART. The Court hereby GRANTS defendant summary judgment on plaintiff's claims for trespass, conversion, set aside

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** "O"

| Case No. | CV 11-1814 CAS (PJWx) | Date | November 19, 2012 |
|---|---|---|---|
| Title | FRANSISKA SUSILO V. WELLS FARGO BANK, N.A. ET AL | | |

trustee sale, set aside trustee's deed, and violation of § 17200. Otherwise, defendants' motion is DENIED.

    IT IS SO ORDERED.

| | 00 | : | 05 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |