UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1814 CAS (PJWx) | Date | December 4, 2012 |
|---|---|---|---|
| Title | FRANSISKA SUSILO V. WELLS FARGO BANK, N.A. ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:             Attorneys Present for Defendants

Not Present                                                  Not Present

**Proceedings:**   **(In Chambers:)** MOTION IN LIMINE 1 TO EXCLUDE TESTIMONY OF ANY WITNESSES WHO ARE EMPLOYEES OF ETS (Docket #193, filed December 3, 2012)

## I.   INTRODUCTION

On January 21, 2011, plaintiff Fransiska Susilo filed the instant action in Los Angeles Superior Court against Wells Fargo Bank, N.A. ("Wells Fargo"); Wachovia Mortgage FSB ("Wachovia"); ETS Services, LLC ("ETS"); and Does 1–50. The gravamen of plaintiff's complaint is that defendants wrongfully initiated foreclosure proceedings on real property located at 1100 Wilshire Blvd., Unit 3108, Los Angeles, CA, 90017 (the "Property"), and that the trustee's sale is invalid because defendants violated an agreement to permit plaintiff to cure the default and reinstate the loan, refused to communicate with plaintiff and her representative regarding the foreclosure sale and the amount of money necessary to cure the default and reinstate her loan, and executed the foreclosure through fraudulent conduct and bad faith. See Second Amended Complaint ("SAC") ¶¶ 9, 14, 16–21, 27, 30–31. A bench trial is set to commence in this action on December 4, 2012.

On December 3, 2012, plaintiff filed this motion in limine. Because trial is set to commence on December 4, 2012, the Court addresses this motion without opposition.

## II.   DISCUSSION

Plaintiff moves to exclude the testimony of any ETS employee. On May 14, 2012, ETS filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District of New York, and as a result of the automatic bankruptcy stay, neither

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1814 CAS (PJWx) | Date | December 4, 2012 |
|---|---|---|---|
| Title | FRANSISKA SUSILO V. WELLS FARGO BANK, N.A. ET AL | | |

party to this action was able to serve discovery requests on ETS employees. According to plaintiff, defendants and plaintiff agreed to cooperate in an attempt to seek relief from the automatic stay in order to obtain discovery from ETS employees. Defendants filed a motion for relief from the automatic stay in the ETS bankruptcy proceedings on June 28, 2012. Plaintiff's counsel explains that plaintiff did not join the motion or file a separate motion "to avoid duplication of expenses," and further suggests that there was an understanding between him and defendants that the motion was being brought for the mutual benefit of plaintiff and defendants. Mot. at 5 – 6.

Plaintiff claims that defendants abandoned their motion for relief from the automatic stay because ETS agreed to provide defendants with declarations and trial testimony from its employees. After learning in early August that defendants were no longer pursuing relief from the automatic stay and that ETS was cooperating with defendants' requests, on September 4, 2012, plaintiff served subpoenas on ETS employees seeking to require them to appear at depositions and produce documents. These subpoenas were quashed pursuant to a September 11, 2012 order by Judge Walsh, on the grounds that they violated the automatic bankruptcy stay. Dkt. #124. Plaintiff concludes that the testimony of these witnesses should be excluded because while she was unable to take discovery from them, defendants reached an agreement with ETS to obtain their testimony at trial and breached their agreement with plaintiff to pursue relief from the automatic stay on behalf of both plaintiff and defendants.

The Court rejects plaintiff's motion in limine, for two reasons. First, the motion was filed late. Motions in limine must be noticed for the same date as the pretrial conference, which was held on November 26, 2012 pursuant to this Court's order. Dkt. 157. Moreover, it is plainly unreasonable to file a motion in limine a day before trial commences because this late filing deprives a defendant of a reasonable chance to prepare a response. Second, even if this motion were filed timely, it would be rejected. Plaintiff knew that defendants were not going to pursue relief from the automatic bankruptcy in early August and knew that ETS had cooperated with defendants' request for trial witnesses and declarations. Nonetheless, plaintiff took no steps to obtain relief from the automatic bankruptcy stay in order to ensure that discovery could be obtained from the ETS witnesses. Instead, plaintiff only served futile subpoenas on these witnesses; plaintiff's counsel must have known these subpoenas would fail because he already recognized the need to seek relief from the automatic stay to take discovery from ETS employees. Plaintiff's counsel provides no explanation regarding why he never

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1814 CAS (PJWx) | Date | December 4, 2012 |
|---|---|---|---|
| Title | FRANSISKA SUSILO V. WELLS FARGO BANK, N.A. ET AL | | |

made a reasonable, timely attempt to seek relief from the automatic bankruptcy stay to take discovery from these witnesses. Additionally, plaintiff may cross-examine any ETS witnesses at trial. Therefore, the Court finds that no unfairness would result from allowing the ETS witnesses to testify.

### III. CONCLUSION

In accordance with the foregoing, Plaintiff's motion in limine is hereby DENIED.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |