UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-1814 CAS (PJWx) | Date | May 6, 2013 |
|---|---|---|---|
| Title | FRANSISKA SUSILO V. WELLS FARGO BANK, N.A., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants | |
| Roger Manlin | Jeremy Shulman | |

**Proceedings:** PLAINTIFF FRANSISKA SUSILO'S MOTION OBJECTING TO THE COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW (Docket #229, filed March 25, 2013)

## I. INTRODUCTION AND BACKGROUND

On January 21, 2011, plaintiff Fransiska Susilo filed the instant action against Wells Fargo Bank, N.A.; Wachovia Mortgage FSB; ETS Services, LLC; and Does 1 – 50. The gravamen of plaintiff's complaint is that defendants wrongfully initiated foreclosure proceedings against real property located at 110 Wilshire Blvd., Unit 3108, Los Angeles, CA, 90017 ("the Property").

The Court held a bench trial in this action from December 4, 2012 to December 6, 2012. Following the trial, the Court issued findings of fact and conclusions of law. Dkt. #225 ("FFCL"). The Court concluded that defendants breached a statutory duty to provide plaintiff with accurate information regarding how to reinstate her mortgage, and that this breach of duty caused plaintiff to lose the Property in a foreclosure sale. However, the Court concluded that plaintiff did not produce any legally cognizable evidence establishing that the fair market value of the Property exceeded the remaining balance owed on her mortgage, and hence did not prove that any damages flowed from this breach. The Court therefore found in favor of defendants, and awarded no damages.

An important aspect of the Court's conclusions was its finding that California law – specifically California Evidence Code Section 813 – provided the applicable legal standard for determining how plaintiff must prove the fair market value of the Property. FFCL, Conclusions of Law ¶ 36. The Court found that Section 813 was controlling because it is a substantive rule of state law, and hence applicable in a diversity case such as the instant action. Erie R. Co. v. Tompkins, 304 U.S. 64 (1938). This finding was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1814 CAS (PJWx) | Date | May 6, 2013 |
|---|---|---|---|
| Title | FRANSISKA SUSILO V. WELLS FARGO BANK, N.A., ET AL. | | |

important because Section 813 requires the fair market value of real property to be proven using opinion testimony, and plaintiff produced no opinion testimony through an appraiser or other expert concerning the Property's fair market value. Id., Conclusions of Law ¶ 33. Analogous federal law, by contrast, allows a litigant to establish real property's fair market value without opinion testimony, and if federal law had provided the controlling legal standard, evidence in the record would have supported a finding that the Property's fair market value in fact exceeded the remaining principal balance on plaintiff's mortgage. Id., Conclusions of Law ¶ 35. Since the Court found that Section 813 applied, it concluded that plaintiff had submitted no evidence of damages, and ruled in favor of defendants. Id., Conclusions of Law ¶ 43.

By motion dated March 25, 2013, plaintiff now asks the Court to reconsider its conclusion that Section 813 is controlling in this case and compels the conclusion that plaintiff submitted no cognizable evidence of damages. On April 1, 2013, defendants filed an opposition, and on April 8, 2013, plaintiff filed a reply. Plaintiff's motion is before the Court.

## II. LEGAL STANDARD

Plaintiff's motion is, in substance, a motion for reconsideration. Local Rule 7-18 sets forth the bases upon which the Court may reconsider a decision:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of: (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L.R. 7-18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1814 CAS (PJWx) | Date | May 6, 2013 |
|---|---|---|---|
| Title | FRANSISKA SUSILO V. WELLS FARGO BANK, N.A., ET AL. | | |

## III. ANALYSIS

Plaintiff cursorily challenges the Court's conclusion that Section 813 is a substantive rule of law applicable in a diversity case. Plaintiff does not, however, make any specific arguments attacking the Court's reasoning, and therefore the Court reaffirms its conclusion that Section 813 is a substantive rule of law for the reasons stated in its prior order. See FFCL, Conclusions of Law ¶¶ 37 – 42.

Instead of challenging the Court's analysis under Eerie that Section 813 is a substantive rule of law, the majority of plaintiff's arguments raise other grounds for reconsidering the conclusion that Section 813 should be applied in this case. The Court considers each of plaintiff's arguments in turn.

First, plaintiff argues that any evidentiary challenge based on Section 813 has been waived because defendants did not make a timely objection pursuant to Section 813 to any proffered evidence at trial. This argument misconstrues the Court's findings. Plaintiff may be correct that objections to the admission of evidence are waived if not timely made, but the Court did not refuse to admit any of plaintiff's evidence pursuant to Section 813. Instead, it invoked Section 813 to support its conclusion that plaintiff had not met her burden of introducing adequate, legally relevant evidence establishing the fair market value of the Property. See FFCL, Conclusions of Law ¶ 42 (describing Section 813 as a rule concerning what evidence is legally relevant to establishing the fair market value of real property). The fact that defendants did not object to any evidence under Section 813 is therefore irrelevant.

Second, citing State By and Through State Public Works Bd. v. Wherity, 275 Cal. App. 2d 241, 245 (1969), plaintiff argues that Section 813 only applies in eminent domain cases. The Court disagrees. Nothing in the text of Section 813 provides any indication that it is limited to eminent domain cases, and Wherity also cannot be read to limit Section 813 to eminent domain cases. Any statements in Wherity regarding the applicability of Section 813 in eminent domain cases merely reflect that Wherity itself was an eminent domain case. Plaintiff's argument is therefore unsupported by California legal authority.

Third, plaintiff points out that some California appellate decisions have upheld verdicts valuing real property outside the range of the opinion testimony presented at trial, and concludes that these decisions show that Section 813 need not be applied in all

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1814 CAS (PJWx) | Date | May 6, 2013 |
|---|---|---|---|
| Title | FRANSISKA SUSILO V. WELLS FARGO BANK, N.A., ET AL. | | |

cases. See, e.g., Munger v. Moore, 11 Cal. App. 3d 1, 11 – 12 (1970). The Court acknowledged the existence of such decisions in its findings of fact and conclusions of law, but found that they did not suggest any limit on the applicability of Section 813. FFCL, Conclusions of Law ¶ 33 n.7. Crucially, while these decisions confirm verdicts outside the range of opinion testimony, no decision actually considers Section 813 and holds that it is inapplicable. Noting this trend, the California court of appeals in Abrams v. Motter, 3 Cal. App. 3d 828, 843 (1970), explained that these decisions were likely motivated by a desire to avoid retrial in cases where neither side submitted appropriate evidence. The Court therefore cannot read these decisions to contradict the text of Section 813 and explicit holdings by the California court of appeals stating that the value of real property must be proven by opinion testimony.[1] See FFCL, Conclusions of Law ¶ 33; Wherity, 275 Cal. App. 2d 241, 249

## IV. ANALYSIS

In accordance with the foregoing, plaintiff's motion to amend the judgment is hereby DENIED.

IT IS SO ORDERED.

| | 00 | : | 09 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[1] Plaintiff also argues that there was, in fact, opinion evidence in the record establishing that the fair market value of the Property exceeded the remaining balance of her mortgage. Specifically, plaintiff points out that a witness at trial referred to a $730,000 appraisal of the Property that took place on July 21, 2010, and that Wachovia's documents refer to a $700,000 appraisal of the Property that took place on October 25, 2010. It is uncontested, however, that while the appraisals were referred to in passing, the appraisals were not admitted into evidence, and the Court has no information regarding who conducted the appraisals or under what circumstances they were conducted. These passing references to appraisals therefore cannot satisfy Section 813, which states that "[t]he value of property may be shown only by the opinions of any of the following: (1) Witnesses qualified to express such opinions[;] (2) The owner or the spouse of the owner of the property or property interest being valued." Cal. Evid. Code § 813.