UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1814 CAS (PJWx) | Date | May 6, 2013 |
|---|---|---|---|
| Title | FRANSISKA SUSILO V. WELLS FARGO BANK, N.A., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Roger Manlin | Jeremy Shulman |

**Proceedings:**     MOTION FOR ATTORNEY FEES (Docket #233, filed April 5, 2013)

MOTION TO AMEND JUDGMENT (Docket #232, filed April 5, 2013)

## I.    INTRODUCTION

On January 21, 2011, plaintiff Fransiska Susilo filed the instant action against Wells Fargo Bank, N.A.; Wachovia Mortgage FSB; ETS Services, LLC ("ETS"); and Does 1–50. The gravamen of plaintiff's complaint is that defendants wrongfully initiated foreclosure proceedings against real property located at 1100 Wilshire Blvd., Unit 3108, Los Angeles, CA, 90017 ("the Property"). Other background facts are known to the parties and set out in the Court's order dated February 28, 2013. Dkt. #225.

The Court held a bench trial in this action from December 4, 2012 to December 6, 2012. Following the bench trail, on February 28, 2013, the Court issued findings of fact and conclusions of law. Dkt. #225. In these findings, the Court ruled that defendants breached their statutory duty to provide plaintiff with accurate loan reinstatement information, but that plaintiff failed to introduce legally cognizable evidence of damages resulting from this breach. Consequently, the Court found in favor of defendants, and awarded no damages to plaintiff.

On March 21, 2013, the Court issued a judgment in favor of defendants and against plaintiff, and stated that each side shall bear its own attorney's fees and costs. On April 5, 2013, defendants filed a motion for attorneys's fees, and also filed a motion to amend the March 21 judgment to the extent it states that each side shall bear its own attorney's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1814 CAS (PJWx) | Date | May 6, 2013 |
|---|---|---|---|
| Title | FRANSISKA SUSILO V. WELLS FARGO BANK, N.A., ET AL. | | |

fees and costs. Plaintiff filed an opposition on April 15, 2013, and defendants replied on April 22, 2013. After considering the parties' arguments, the Court finds and concludes as follows.

**II.   DISCUSSION**

Defendants request attorney's fees pursuant to clauses contained in the parties' promissory note and deed of trust. When a party requests attorney's fees pursuant to a fee shifting agreement, state law governs the request. Resolution Trust Corp. v. Midwest Fed. Sav. Bank, 36 F.3d 785, 800 (9th Cir. 1993). Here, California Civil Code Section 1717 provides the applicable law governing an award of attorney's fees pursuant to a contract.

Among other requirements, Section 1717 provides that the party recovering fees must be the "prevailing party." Cal. Civ. Code § 1717(a). Section 1717 defines the "prevailing party" to be "the party who recovered a greater relief in the action on the contract." Id. § 1717(b)(1). Additionally, Section 1717 permits a court to determine "that there is no party prevailing on the contract for purposes of this section." Id.

Accordingly, to determine whether defendants can be awarded attorney's fees, the Court must decide whether defendants were the prevailing party in this action. On its face, this issue appears simple: the Court entered judgment in defendants' favor, and ordered that plaintiff is to receive no damages. Dkt. #225. Since defendants asserted no counterclaims in this case, this result suggests that there was a complete victory for defendants, leading to the inevitable conclusion that defendants are the prevailing party.

Determining the prevailing party is not so straightforward, however, because the underlying judgment was not a simple, unqualified finding that defendants had not violated the law. Instead, in its findings of fact and conclusions of law, the Court found that defendants breached their statutory duty to provide plaintiff with timely and accurate information concerning how to reinstate her mortgage, and also found that this breach of duty caused plaintiff to lose the Property in a foreclosure sale. Dkt. #225 at 9 – 12; 14 – 15. Despite these findings, the Court found that judgment should not be entered in plaintiff's favor because she had not produced any evidence that the fair market value of the Property exceeded the remaining balance on her mortgage, which precluded a finding of damages. Specifically, the Court found that plaintiff had not produced any evidence

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1814 CAS (PJWx) | Date | May 6, 2013 |
|---|---|---|---|
| Title | FRANSISKA SUSILO V. WELLS FARGO BANK, N.A., ET AL. | | |

cognizable under California law because California law requires that the value of real property must be proven through opinion testimony. Plaintiff did not produce any opinion testimony, and without such evidence, the Court was unable to conclude that plaintiff suffered damages when the Property was wrongfully sold at a trustee's sale.

It is also important to note that while there was no evidence in the record cognizable under California law tending to prove that the value of the Property exceeded the remaining principal on plaintiff's mortgage, it appeared clear from the record that the actual value of the Property did in fact exceed the remaining principal. Among other things, the Property was resold to a bona fide purchaser for value shortly after the trustee's sale for an amount that exceeded the trustee's sale price by several thousands of dollars. Accordingly, while the Court was not free to disregard applicable California law and award damages to plaintiff, examining the facts underlying the case, it appears that plaintiff was wrongfully deprived of ownership of the Property, and that this deprivation caused her financial harm.

The Court therefore must determine whether defendant is the prevailing party due to the fact that plaintiff recovered no damages, even though the lack of recovery was due to plaintiff's failure to make an adequate showing with legally cognizable evidence, not due to the fact that plaintiff actually suffered no harm due to defendants' breach of a statutory duty. To resolve this question, the Court reviews California's legal principles for determining the prevailing party under California Civil Code section 1717.

Under California law, a trial court determines the prevailing party through a comparative analysis of the parties' litigation success. To carry out this comparative analysis, courts first consider each parties' litigation objectives, as those objectives are stated in the parties pleadings and other submissions to the trial court. Hsu v. Abbara, 9 Cal. 4th 863, 875 – 876 (1995). The court then examines the extent to which the parties achieved those objectives, and balances the level of success that each side achieved. Id. If one party clearly achieved "greater relief" than the other, then that party is the "prevailing party." If, on the other hand, both parties sought relief but neither prevailed, or the apparently prevailing party only recovers part of the relief actually sought, there is no prevailing party, and an award of fees is not appropriate. Deane Gardenhome Assn. v. Denktas, 13 Cal. App. 4th 1394, 1398 (1993).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1814 CAS (PJWx) | Date | May 6, 2013 |
|---|---|---|---|
| Title | FRANSISKA SUSILO V. WELLS FARGO BANK, N.A., ET AL. | | |

Courts have some discretion when executing this analysis, but the discretion is not unlimited. In particular, "[i]f the results in a case are lopsided in terms of one party obtaining 'greater relief' than the other in comparative terms, it may be an abuse of discretion for the trial court not to recognize that the party obtaining the 'greater' relief was indeed the prevailing party." De La Cuesta v. Benham, 193 Cal. App. 4th 1287, 1295 (2011); see also Hsu v. Abbara, 9 Cal. 4th 863, 875 – 876 (1995) ("[W]hen the results of the litigation on the contract claims are not mixed – that is, when the decision on the litigated contract claims is purely good news for one party and bad news for the other . . . a trial court has no discretion to deny attorney fees to the successful litigant."). In line with this analysis, a court cannot deny fees to a successful litigant merely because that litigant exhibits unsympathetic characteristics unrelated to litigation success. Sears v. Baccaglio, 60 Cal. App. 4th 1136, 1155 (1998). Attorneys fees cannot be denied to a clearly victorious litigant due to obstreperous behavior, failure to compromise, or other behavior by a party during discovery or settlement proceedings. Hsu, 9 Cal. 4th at 877; Denktas, 13 Cal. App. 4th at 1398 – 99.

A trial court therefore cannot deny a request for attorney's fees merely because it believes that the party making the request has unclean hands, and instead it must focus on litigation success. Nonetheless, California law recognizes that "in determining litigation success, courts should respect substance rather than form, and to this extent should be guided by 'equitable considerations.'" Hsu, 9 Cal. 4th 877. When applying equitable considerations to attorney fee awards, California courts have explained that courts should eschew technical, inflexible constructions of contracts when the result is contrary to sound public policy. International Industries, Inc. v. Olen, 21 Cal. 3d 218, 223 – 224 (1978) ("Enactment of section 1717 commands that equitable considerations must rise over formal ones. Building a reciprocal right to attorney fees into contracts, and prohibiting its waiver, the section reflects legislative intent that equitable considerations must prevail over both the bargaining power of the parties and the technical rules of contractual construction."). Applying equitable considerations, California courts have held that to determine which side is the prevailing party, in some cases it is necessary to probe behind the ultimate result in the case to determine which litigant actually succeeded. Sears v. Baccaglio, 60 Cal. App. 4th at 1155.

The settled case law recognizes that it is necessary for a court to probe behind a judgment to determine which side is the "prevailing party" in order to ensure that what appears to be a net recovery is not, in fact, a pyrrhic victory due to the fact that the party

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1814 CAS (PJWx) | Date | May 6, 2013 |
|---|---|---|---|
| Title | FRANSISKA SUSILO V. WELLS FARGO BANK, N.A., ET AL. | | |

could have expected to recover far more.  Id.  Equitable considerations establish that this is not, however, the only circumstance in which a court must carefully examine a judgment to determine whether the apparently successful litigant is actually the prevailing party.  In a limited class of cases, a court must also inquire into the reasons why litigation ended favorably for the apparently successful party.  If one side is victorious due to chance occurrences unrelated to the merits of the case, it would be unjust and contrary to public policy to award them attorney's fees as the prevailing party.  If, for instance, a party achieves litigation success because critical evidence against them was destroyed by circumstances outside the parties' control, or if central witnesses went missing shortly before trial and could not present testimony, it would be inappropriate to label the party benefitting from these occurrences the prevailing party.  The "prevailing party" label would be inappropriate because the party's success in litigation would not be traceable to the merits of the case, but instead to events unrelated to which side should have prevailed.

These equitable considerations are all the more pressing when the circumstances indicate that the party unable to present crucial evidence supporting their case is, in fact, the party who would have prevailed in the litigation if there were a perfect correspondence between the facts in the actual world and the evidence presented at trial.  Where an actually victorious party is unable to present the merits of their case in court, it may be true that their opponent actually succeeds in litigation, but it is manifestly inequitable to declare the other party to be the "prevailing party" deserving of attorney's fees, unless fraud or other misconduct is the reason why the actually victorious party was unable to present the merits of their claim.  In such cases, the result is not a "simple, unqualified win."  Hsu, 9 Cal. 4th at 876.

In this case, the reason plaintiff was unable to present evidence critical to her claims was not happenstance; she merely failed to make the evidentiary presentation required by California law.[1]  Nonetheless, her failure to present relevant evidence was not due to fraud or other misconduct.  Moreover, as discussed above, it is likely that plaintiff in actuality suffered financial harm due to defendants' breach of a statutory duty, which

---

[1] As noted in the Court's order, however, her evidentiary showing would have been sufficient to prove some damages had federal law provided the controlling standard.  Dkt. #225 at 18 – 19.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1814 CAS (PJWx) | Date | May 6, 2013 |
|---|---|---|---|
| Title | FRANSISKA SUSILO V. WELLS FARGO BANK, N.A., ET AL. | | |

suggests that plaintiff would have been the actually victorious party had the evidence been in full conformity with the facts. In this unique set of factual circumstances, the Court finds that it would be inequitable to find that defendants are the prevailing party due to their success in litigation. While they achieved their litigation goals, it was not due to the facts supporting their position, but due to evidentiary considerations divorced from either plaintiff's misconduct or the underlying reality of this case. The Court therefore concludes that defendants are not the prevailing party in this case, and therefore cannot be awarded attorney's fees pursuant to Section 1717.[2]

## III.  CONCLUSION

In accordance with the foregoing, defendants' request for attorney's fees is DENIED.

IT IS SO ORDERED.

| | 00 | : | 10 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[2] For the same reasons, the Court finds that defendants also cannot be awarded costs.