UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL                    'O'

| Case No. | 2:11-cv-01814-CAS(PJWx) | Date | June 30, 2014 |
|----------|--------------------------|------|---------------|
| Title | FRANSISKA SUSILO V. WELLS FARGO BANK NA, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|------------------------|---------------------|---|
| Catherine Jeang | Debi Read | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|-----------------------------------|----------------------------------|
| Not Present | Robert Bailey |

**Proceedings:**     JOINT MOTION TO VACATE ORDER ON MOTION TO
DISMISS (Dkt. 260, filed May 28, 2014)

## I.     INTRODUCTION AND BACKGROUND

Plaintiff Fransiska Susilo filed this action against defendant Wachovia (now Wells Fargo) on January 21, 2011.  Dkt. 1.  The operative First Amended Complaint ("FAC") asserts claims for relief based on the alleged wrongful foreclosure of plaintiff's property, including claims for negligence, breach of contract, fraud, and conversion.  Id.  On April 8, 2011, defendant moved to dismiss the FAC.  Dkt. 13.  On June 21, 2011, the Court denied defendant's motion to dismiss.  Dkt. 30.

After protracted litigation and a bench trial on December 4, 2012, the Court issued Findings of Fact and Conclusions of Law, finding that defendant breached duties in the foreclosure process, but that plaintiff failed to prove entitlement to any damage on her claims.  Dkt. 225.  The Court entered a judgment of dismissal in favor of defendant and denied all post-judgment motions.  Dkt. 227, 229, 232-34, 244-45.  Plaintiff then appealed to the Ninth Circuit Court of Appeals and defendant filed a cross-appeal regarding the denial of costs and attorney's fees.  Dkt. 246, 249.  In the Court of Appeals, the parties participated in a mediation assessment program, which ultimately resulted in settlement.  Shulman Decl. ¶¶ 4-6, Dkt. 260-1.  The settlement provided for: "(1) a confidential settlement payment for plaintiff, (2) dismissal with prejudice of the appeal and cross-appeal, (3) the filing of an amended notice of dismissal . . . to clarify that Wells Fargo and its employee Nick Arnett are dismissed with prejudice from that action, and (4) the filing of this motion to vacate the order on Wachovia's motion to dismiss the first amended complaint."  Id. ¶ 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:11-cv-01814-CAS(PJWx) | Date | June 30, 2014 |
|----------|--------------------------|------|---------------|
| Title | FRANSISKA SUSILO V. WELLS FARGO BANK NA, ET AL. | | |

On May 28, 2014, the parties filed a joint motion to vacate and depublish this Court's order on defendant's motion to dismiss the FAC, dkt. 30, pursuant to the settlement agreement and Federal Rule 60(b). Dkt. 260. On June 10, 2014, defendant filed a notice of non-opposition to the motion. Dkt. 261. On June 30, 2014, the Court held a hearing. After considering the parties' arguments, the Court finds and concludes as follows.

## II. DISCUSSION

Rule 60(b) of the Federal Rules of Civil Procedure provides the grounds on which a court "may relieve a party or its legal representative from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). Rule 60(b)(6) permits such relief for "any other reason that justifies relief." Rule 60(b)(6) "vests power in courts adequate to enable them to vacate judgment whenever such action is appropriate to accomplish justice." Klapprott v. United States, 335 U.S. 601, 614-15 (1949). In deciding whether to grant a joint motion for vacatur of judgment pursuant to Rule 60(b)(6), district courts are afforded significant discretion due to the fact-intensive nature of the inquiry.[1] Cuviello v. Cal Expo, 2014 WL 1379873, at *2 (E.D. Cal. Apr. 8, 2014).

In assessing a joint motion for vacatur of judgment pursuant to Rule 60(b)(6), district courts employ an "equitable balancing test," which balances various factors that a district court should consider. Am. Games, Inc. v. Trade Products, Inc., 142 F.3d 1164, 1167-69 (9th Cir. 1998); Ayotte v. Am. Econ. Ins. Co., --- Fed.App'x. --- (2014), 2014 WL 2581014, at *2 (9th Cir. June 10, 2014). The equitable factors include, but are not limited to, the consequences "of dismissal or refusal to dismiss, the competing values of finality of judgment and right to relitigation of unreviewed disputes, the motives of the part[ies] whose voluntary action mooted the case, and the public policy against allowing a losing party to buy an eraser for the public record." Id. at *2 (citing Am. Games, Inc., 142 F.3d at 1168, 1170).

---

[1] This is particularly the case for a district court addressing interlocutory orders. Cuviello, 2014 WL 1379873, at *8 ("Some courts have held in a situation such as this a court has complete power over interlocutory orders and has authority to revise them when it is consonant with equity to do so." (citations omitted)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL   'O'

| Case No. | 2:11-cv-01814-CAS(PJWx) | Date | June 30, 2014 |
|----------|--------------------------|------|----------------|
| Title | FRANSISKA SUSILO V. WELLS FARGO BANK NA, ET AL. | | |

Here, the parties jointly move, pursuant to Fed. R. Civ. P. 60(b)(6) and as a condition of settlement, to vacate and depublish the Court's order on defendant Wachovia's motion to dismiss the FAC.  Dkt. 260.  The Court finds that the equities favor a denial of vacatur.

Most importantly, "[a] court granting vacatur must . . . take account of the public interest."  Fund for Animals v. Mainella, 335 F. Supp. 2d 19, 25 (D.D.C. 2004) (citing U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18, 27 (1994)).  In determining whether to grant or deny vacatur, the Court must consider "the public policy against allowing a losing party to buy an eraser for the public record."  Am. Games, Inc., 142 F.3d at 1170.  Here, the Court finds that public policy counsels against vacating the order on defendant's motion to dismiss.  Because the order at issue is on defendant's motion to dismiss, the Court accepted all material allegations in the complaint and read the complaint in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  The Court did not make factual findings but instead made determinations based on its analysis of the law and, as a result, the Court finds that public policy counsels against allowing the parties to "buy an eraser for the public record."  Am. Games, Inc., 142 F.3d at 1170.  As stated in Visto Corp. v. Sproqit Techs., Inc., "[j]udicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by vacatur."  2006 WL 3741946, at *21 (N.D. Cal. Dec. 19, 2006) (citing Bonner Mall, 513 U.S. at 26).

Furthermore, the Court finds that, though the other three equitable factors may be neutral or weigh slightly in favor of vacatur, they are significantly outweighed by public policy considerations.  These factors address (1) the consequences of granting or denying vacatur, (2) the value of finality of judgment as compared to the right to relitigation, and (3) motives of the parties whose voluntary action mooted the case.  Am. Games, Inc., 142 F.3d at 1168, 1170.  First, the parties contend that a settlement agreement has been reached and that one of the terms of settlement is the filing of this motion. Dkt. 260.  The parties further argue that the filing of this motion "was a material term of the settlement and a substantial inducement for [defendant] to settle this action on appeal."  Id.  However, the parties have only represented that the filing of the motion and not the granting of the motion was the material term.  As a result, the Court finds that the first equitable factor is neutral; it does not weigh in favor of either granting or denying vacatur.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL                    'O'

| Case No. | 2:11-cv-01814-CAS(PJWx) | Date | June 30, 2014 |
|---|---|---|---|
| Title | FRANSISKA SUSILO V. WELLS FARGO BANK NA, ET AL. | | |

Furthermore, the Court finds the second and third equitable factors to be either not applicable or neutral.  The second factor compares the value of finality of judgment and the parties' right to relitigation. Am. Games, Inc., 142 F.3d at 1168.  Here, the parties move to vacate an interlocutory order and not a final judgment.  As such, the Court finds the second factor does not bear on the situation here.  Finally, the third factor addresses the motives of the parties whose voluntary action mooted the case.  Am. Games, Inc., 142 F.3d at 1170.  Here, the parties have voluntarily reached a settlement agreement, voluntarily dismissed with prejudice the appeal and cross-appeal, and now jointly seek vacatur.  As a result, the parties have voluntarily mooted the case and voluntarily restricted their right to relitigation.[2]  See, e.g., Visto Corp., 2006 WL 3741946, at *16 (finding that "[b]ecause it was ultimately Visto's voluntary action that caused the instant case to become moot, the equities favor a denial of vacatur.").  The Court accordingly finds the third factor to be neutral.  For all of these reasons, the Court finds that the first three equitable factors are significantly outweighed by public interest and public policy considerations.  Where such a determination is made, denial of vacatur is appropriate. See id.

## IV.   CONCLUSION

In accordance with the foregoing, the Court hereby DENIES the parties' joint motion to vacate and depublish the Court's order on defendant Wachovia's motion to dismiss.

IT IS SO ORDERED.

|  | 00 | : | 12 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[2] At oral argument, counsel for Wells Fargo contended that because the parties relinquished their right to appeal the order, the order will not be subjected to review by the Ninth Circuit, and should therefore be vacated.  The Court finds this argument unpersuasive.  The order addressed routine issues, which will, if necessary, be subjected to appellate scrutiny in other cases.